THE JEFFERSONVILLE RAILROAD COMPANY *v.* COTTON.

COMMON CARRIERS.—Goods shipped by railroad were retained several days, after arrival at the place of destination, in the company's depot, and were then transferred to the store of careful and responsible warehousemen. No notice was received by the consignee of the transfer to the warehouse, and after such transfer, the consignee was informed, upon inquiry at the railroad office, that the goods had not arrived. Subsequently, the goods were destroyed by the burning of the warehouse.

*Held,* that the carrier was responsible for the direct results of the false information given by its employee, and the jury having found that the destruction of the goods was the direct result thereof, the court refused to disturb the finding.

APPEAL from the *Marion* Civil Circuit Court.

FRAZER, J.—The goods of the plaintiff, *Anna M. Cotton,* (appellee,) were delivered to the appellant, at *Jeffersonville,* to be shipped to her husband, *F. M. Cotton,* at *Indianapolis.* The appellant carried the goods safely to *Indianapolis,* where they arrived on the same day, *July* 28, 1866, and were kept in the appellant's station free of charge until *August* 4,

when they were deposited by the railroad company in the warehouse of responsible and careful warehousemen at *Indianapolis.* The goods remained there until *September* 18, when, without negligence, they were destroyed by fire. Seven days before the fire, the plaintiff, with her husband, called at the defendant's office and asked for the goods, and was informed by a person in charge that they had not arrived. The warehouseman, on receipt of the goods, uniformly notified the consignee by mail, though no one remembered mailing this particular notice. The plaintiff first learned of the shipment of the goods in *September,* from a sister in *Jeffersonville,* and never received notice from any one in *Indianapolis.* The plaintiff had judgment for the full value of the goods, and the case is here on the evidence.

The appellant was in fault only in giving false information as to the arrival of the goods, in consequence of which the jury have inferred that the plaintiff could not find the goods, and that they were destroyed by fire, whereas, if the truth had been communicated, she would have obtained the property and saved it from destruction. The appellant should suffer whatever losses to its customers result directly from such conduct of its employee as this evidence discloses. It was easy enough to have told her the truth; the instincts of a gentleman ought, alone, to have been enough to induce this, but the case shows that it is not always so, and therefore that the responsibility of the railroad company for resultant damages is the only adequate security which the public sometimes have against the supercilious self-consequence of subordinate employees. This tends to secure clerks and agents who will deal truthfully and courteously with those who transact business with them. It is the last case in which the rule *respondeat superior* should be relaxed. It was the duty, and not merely a favor, of the carrier to give such information as would enable the owner of the goods to find the warehouseman with whom they were stored. The falsehood communicated, instead of the truth, would possibly have prevented a discovery of the

goods if no fire had occurred; or, at any rate, it prevented the plaintiff from getting possession of them, and thus saving them from the subsequent conflagration. The falsehood, therefore, while it did not cause the fire, did nevertheless, perhaps, produce the loss. So the jury may have considered, and we do not feel at liberty to set aside their conclusion. It is not so plainly unreasonable as to justify our interference.

The judgment is affirmed, with costs.

*T. A. Hendricks, O. B. Hord, A. W. Hendricks* and *C. L. Holstein*, for appellant.

*J. S. Harvey*, for appellee.