## Meyer vs. The Chicago and Northwestern Railway Company.

*Common carrier — Liability for mistake of agent.*

Goods shipped by rail for Chicago were plainly marked " J. Weil & Bros.,"
but the station agent entered them on the way-bill as for " T. Weil &
Co." When J. Weil & Bros. called for the goods at Chicago, they
were told that there was nothing for them ; and the mistake was not
discovered until the goods were destroyed with the depot by fire.
*Held*, that the carrier was liable.

APPEAL from the Circuit Court for *Jefferson* County.
Action for the value of goods shipped by plaintiff, at
the village of Jefferson in said county, for Chicago, by
defendant's road, and alleged to have been lost through
defendant's negligence. The defendant appealed from
a judgment for the plaintiff. The facts proven at the
trial will appear from the opinion. The defendant
"gave in evidence the 20th volume of the Reports of
the Supreme Court of the State of Illinois, and read
therefrom to the court and jury the cases of *Richards
v. The Mich. Southern & Northern Ind. R. R. Co.* (p.
404) ; *Davis v. The Same Co.* (p. 412) ; and *Porter v.
The Chicago & Rock Island R. R. Co.* (p. 407) ; which
show that by the law of Illinois, a railroad company,
in order to terminate its liability as a common carrier,
is not bound to give notice of the arrival of goods, and
that when goods have reached their destination, and are
stored by the company in its warehouse or depot, its
liability as a common carrier ceases." The defendant
appealed from a judgment for the plaintiff.

*Enos & Hall*, for appellant.
*Weymouth & Porter*, for respondent.

COLE, J.   It is perfectly certain that the goods were
lost in consequence of the mistake of the agent at Jeffer-

son station, who entered them on the way-bill sent to Chicago as consigned to "T. Weil & Company," instead of "J. Weil & Brothers," as they were marked. The goods were plainly and legibly marked, so that there could be no mistake about the consignees; and it was the obvious duty of the agent to see that they were properly entered on the way-bill. This he did not do, but through carelessness he entered the goods as though consigned to "T. Weil & Company." Consequently, when the employees of "J. Weil & Brothers" called for the goods at the freight depot at Chicago, they were told that there were no such goods there for them. And the mistake was not discovered until the goods were burned, with the freight depot, shortly after. Now, the question is, Should not the company be held responsible for the mistake of its station agent at Jefferson in thus entering the goods on the way-bill sent to Chicago, so that it failed to point out the true consignees?

It seems to us a very plain ground of liability, to hold the company responsible for the negligence and mistake of the agent in failing to enter upon the way-bill the names of the proper consignees. The owner was not at fault, for he had delivered the goods to the station agent at Jefferson, marked in a plain and intelligible manner. And the employees of the consignees called for them at the proper freight depot at Chicago, and were told by the freight agent that they were not there. The goods were entered on the way-bill as consigned to other parties, and as a consequence they were not removed, but were destroyed by fire with the depot in which they were when called for by the assignees. If the freight agent at Chicago had examined the marks upon the goods, or if the station agent at Jefferson had not been guilty of great negligence in entering them upon the way-bill, the loss would not have happened. And it seems to us a very plain proposition, that the company is responsible for these mistakes of its agents. *The Jeffersonville R. R. Co. v. Cotton*, 29 Ind. 498.

It is said by the counsel for the carrier, that the evidence clearly shows that the goods were safely transported to Chicago, the place of consignment, and placed in the depot of the company, and then its responsibility terminated, before any loss or damage occurred. The court below, however, instructed the jury that the liability of the carrier continued until it had given the consignee notice of the arrival of the goods. But whether this was a correct view of the law or not, we do not deem it material to inquire, since the evidence clearly shows that the loss occurred in consequence of the mistake of the Jefferson station agent in entering the names of the consignees upon the way-bill. Had it not been for this gross blunder and mistake, the employees of J. Weil & Brothers would have obtained the goods when they called for them, before the fire occurred. It was, then, in consequence of the negligent acts of the agents of the company, whose duty it was to enter the goods properly in the way-bill, that they were destroyed; and the company, upon every principle, ought to make good the loss. This being so, the instructions of the court become immaterial.

*By the Court.* — The judgment of the circuit court is affirmed.