THE BURLINGTON & MISSOURI RIVER RAILROAD COM-
PANY, PLAINTIFF IN ERROR, V. REUBEN F. ARMS,
DEFENDANT IN ERROR.

**Railroads:** LIABILITY FOR NON-DELIVERY OF GOODS. Certain
household goods were carried by a railway company to H., in
this state, reaching that point on November 14, 1879, and were
placed in the company's depot. Soon afterwards the owner called
for the goods, but was informed by the agent that they had not
arrived. Certain friends of the owner, at his request, also, on
the 19th, 20th, and about the 22d of that month, made a similar
inquiry of the agent and were informed that the goods had not
been received. The depot was burned November 24, 1879, and
the goods destroyed. The custom of the railway company was
to give notice through the mail to all persons who were not reg-
ular shippers of the arrival of their goods, but no such notice
was sent to the consignee in this case. *Held*, That the railway
company was liable for the value of the goods.

ERROR to the district court for Adams county. Tried
below before GASLIN, J.

*Marquett, Deweese & Hall*, for plaintiff in error.

Plaintiff in error was not liable as a common carrier,
but only as a warehouseman. Hutchinson on Carriers, 109,
310. *Germania Ins. Co. v. Railroad*, 72 New York, 92.
Liability of plaintiff in error ceased when freight was re-
moved from cars and placed in warehouse. *Francis v.
Dubuque & Sioux City R. R.*, 25 Ia., 60. Story on Bail-
ments, sec. 448. *Thomas v. B. & P. Co.*, 10 Metc., 472.
*Platte v. Hibbard*, 7 Cow., 497. *Roberts v. Turner*, 12
Johns., 232. Notice to consignee not necessary. 2 Red-
field on Railways, 52. *Angle v. R. R.*, 18 Iowa, 560.

*Tanner & Capps*, for defendant in error, cited: *L., L. &
Y. R. R. v. Maris*, 16 Kan., 333. Wharton on Negligence,
§ 571, note. *Wood v. Crocker*, 18 Wis., 345. *Moses v.*

*Railroad*, 32 New Hamp., 523.   *Rome R. R. v. Sullivan,*
14 Ga., 277.   2 Wait's Actions and Defenses, 50.   2 Parsons on Contracts, 194.   2 Redfield on Railroads, 77.
Hutchinson on Carriers, 298 and 301.

MAXWELL, J.

The defendant in error brought an action in the district court of Adams county to recover the value of certain household goods shipped by him from Allenton, Iowa, to Hastings, in this state, which were destroyed by fire in the depot at the latter place on the night of November 24, 1879. The railroad company, in its answer, states that the goods arrived at Hastings on the fifteenth of November, 1879, and that Arms was immediately notified by letter through the post-office at Hastings of such arrival, and that on the eighteenth of that month the goods were placed in the warehouse at said station and held by said company as *warehousemen.* On the trial of the cause in the court below a verdict for $160 was returned, upon which judgment was rendered. The errors assigned in this court relate to the giving and refusing certain instructions which will be considered in their order.

It appears from the testimony that the goods in question arrived at Hastings on the night of November 14th, 1879; that Arms had just removed to this state, and resided about 30 miles from Hastings; that some time after the arrival of the goods, but before their destruction, Arms called at the B. & M. depot in Hastings and inquired for the goods, stating that they needed them very much, and was informed by the agent that no such goods were there; that he then requested the agent to take his address and notify him through the mail of the arrival of the goods; that Arms requested one S. E. Morse, a resident of Hastings, "to watch the depot" at that place and as soon as the goods arrived take them out to him. Morse called at the depot on the nineteenth of that month, and on inquiring for the

goods was informed that they were not there. He inquired again in two or three days thereafter, and received the same answer. One Miller, also at the request of Arms, called at the depot in Hastings, between seven and nine o'clock in the evening of the nineteenth of November, 1879, and inquired for the goods in question, and was informed that they had not been received. He called again on the twentieth and again inquired for the goods, and was told that they were not there. This testimony is not denied even by inference, the agent saying that he does not remember. It also appears from the company's own testimony that its custom was to notify all persons, who were not "regular shippers, by mail of the arrival of goods, but fails to show that notice was sent in this case. The railroad company asked the court to give the following instruction, which was refused: "The party who ships goods is bound to take notice of the time, by the usual mode and route of the shipping the same, when they would arrive at the place of destination, and it is the duty of the shipper to apply for his goods within a reasonable time after their arrival and take the same away. Therefore, if the jury find from the evidence that said goods were shipped from Allenton, in Iowa, and that by the ordinary mode of shipping they would have arrived on or about the fourteenth day of November, 1879, and you further find that they did arrive on the fourteenth day of November, 1879, and were then stored in defendant's depot or warehouse, and that plaintiff failed to apply for and get his goods and chattels until after they were burned on the twenty-fourth of November, you will find that the defendant is not to blame for not delivering up said goods to plaintiff, and the mere fact that he sent one Miller and one Morse to inquire whether the goods were there or not will make no difference, unless he had authorized one or both to pay the charges on the same and receive the goods in question."

The refusal to give this instruction is now assigned for

error.   It is sufficient to say that the instruction asked is not applicable to the testimony.   The plaintiff below required the goods, as he states in his testimony, "very badly," being necessary household goods, and by himself or agents made inquiries almost daily between the time of the arrival of the goods at Hastings and their destruction by fire, and received the invariable answer by those in charge of the depot that the goods were not there.   There was therefore no question as to the failure of Arms to apply for the goods to submit to the jury.   And even if Morse and Miller did not have the money or propose to pay the charges on the goods and take them away—of which there is no testimony—still it was the duty of the agent to state to them in answer to their inquiries the facts in regard to the goods being then at the depot.   There is no error therefore in the refusal to give the instruction.

The court also refused to give the 4th instruction asked for by the railroad company, which is as follows: "The following is a part of the contract introduced in evidence by the plaintiff in this case, to-wit: 'All articles of freight arriving at their destination must be taken away in 24 hours after being unloaded from the cars, the company reserving the right of placing the same in store at the risk and expense of the owner if they see fit after the lapse of that time.'   If the jury find from the evidence that the goods did arrive at their place of destination on or about the 14th of November, 1879, or even as late as the 20th of said month, and if you further find that they were not taken away by the plaintiff or some one for him within 24 hours after being so unloaded, then you will find that they were according to said contract held at the risk of the plaintiff, and if they were destroyed the loss would be the loss of the plaintiff and not the loss of the defendant; and the defendant would not be liable."

It was proposed by this instruction to submit to the jury a number of questions having no pertinency to the

question at issue. The testimony shows that the custom of the agents of the plaintiff in error at Hastings was to notify through the mail all persons who were not regular shippers of the arrival of their goods. The proof fails to show that any such notice was sent to Arms, and he was unable by persistent inquiry by himself and agents to ascertain that the goods had arrived. Such being the condition of the testimony, it would seem like a burlesque to instruct the jury in effect that he must lose the goods because he failed to take them away—goods that had been received ten days before their destruction and were in the custody of the agents, but which they persistently denied the receipt of. The liability of the railway company continued until the notice had been given and a reasonable time had intervened to permit of their removal. There was no error therefore in refusing to give the instruction.

No particular objection has been pointed out to the instructions given by the court on its own motion, and they seem to have been quite favorable to the plaintiff in error. The verdict is fully supported by the evidence, is right, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.