# Southern Railway Company *v.* W. T. Adams Machinery Co.

## *Loss of Goods by Fire.*

(Decided Feb. 3, 1910.  51 South 779.)

1. *Pleading; Amendment; Departure.*—Where the original complaint was in Code form for an action against a common carrier, and the amendment filed was a count claiming damages for a failure to deliver. the gravamen of which was the wrong·committed in misinforming plaintiff as to the arrival of machinery, thereby preventing it from applying for and receiving it before it was burned, constituted a departure, since the first count was ex contractu and the amendment was ex delicto, and the allowance of amendment being in a cause tried before the adoption of the Code of 1907, permitting actions ex contractu and ex delicto to be joined constituted error.

2. *Same.*—Demurrer is a proper way to reach an amendment constituting a departure from the original cause of action.

3. *Same; Construction.*—Pleadings are construed most strongly against the pleader.

4. *Same; Replication; Departure.*—Where the complaint stated a cause of action on the contract of shipment, a special replication based on failure to give notice of arrival, whereby the goods were not removed before their destruction by fire, is ·ex delicto and constitutes a departure.

5. *Carriers; Goods; Responsibility as Warehousemen.*—When a carrier's responsibility as a warehouseman has attached, the carrier is still liable for giving incorrect information, misleading the consignee so as to prevent removal before the goods are lost, though the loss is not imputable to any other or different negligence.

6. *Same; Notice of Arrival.*—A compliance with section 4234, Code 1896, is not shown where one alleged notice was mailed with-

[Southern Railway Company v. W. T. Adams Machinery Co.]

in a day or two after the arrival of the goods, and another notice mailed eighteen days afterward, just two days before the goods were burned.

7. *Same.*—If a consignee has actual notice of the arrival of freight and its readiness for delivery, and does not demand it within a reasonable time thereafter, the manner of notice is immaterial.

8. *Same; Bill of Lading; Notice.*—The parties to a bill of lading may contract at their pleasure as to the notice a shipper or consignee should have of the arrival of goods at destination.

9. *Same; Reasonable Time.*—Eighteen days between the mailing of notice of the arrival of goods at destination and their destruction by fire is more than a reasonable time for their removal by consignee.

10. *Same; Evidence.*—The evidence in this case stated and examined and held insufficient to sustain a recovery on the first count of the complaint, based on the carrier's common law liability as an insurer under the contract.

11. *Same; Jury Question; Telephone Conversation.*—Where the agent of the consignee stood by and directed what another should say over the telephone to the agent of the carrier relative to the arrival of the goods and a person other than the agent of the carrier received the message, repeated it to the carrier's agent, the reliability and accuracy of the means of communication was a question for the jury, and it was for them to say whether the message which finally reached defendant apprised it of the fact that plaintiff was inquiring for the particular goods in question claimed to have been lost by fire.

12. *Same; Reasonable Time for Applying for Goods; Beginning.*—The time for computation of a reasonable time in which a consignee may apply for and remove goods begins when the goods are at the place and ready for delivery in the manner adopted or usual, for the delivery of such freight and this computation is a question for the jury to determine.

13. *Same; Goods; Loss; Instruction.*—Where the action was for loss of freight by fire at destination, a charge as to the carrier's common law liability as an insurer which pretermits all inquiry as to whether the goods were ready for delivery, is properly refused.

14. *Same; Amount of Recovery.*—By the terms of the sale $400.00 of the price of the machinery was to be paid on delivery, of which amount consignee had paid $100.00, and the freight was shipped to the order of the consignor with draft and bill of lading attached for $300.00, the seller or consignor under these conditions could sue the carrier, in case of loss for the full value of the goods, and recovery could not be reduced by the amount paid on account, as the consignor was bound to account to the consignee for any amount paid on the goods.

15. *Principal and Agent; Agency to Receive Notice; Creation of Contract of Carrier.*—Where a carrier by contract agrees to deliver freight at a particular point to the order of the shipper, and to notify a third person of its arrival at destination, the contract made the third person the agent of the shipper to receive notice.

·16. *Same; Agency and Use of Telephones.*—The persons who spoke for the agent, and the operator who repeated it to the carrier's agent, were mere instrumentalities or parts of the telephone connection between the shipper's agent and the carrier.

17. *Charge of Court; Directing Verdict.*—Where the evidence is in palpable conflict, the issues are for the jury and the verdict cannot be directed.

18. *Same; Contract; Instruction.*—It is not error to refuse an instruction based on a fact not pleaded and not supported by the evidence.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Action by the W. T. Adams Machine Company against the Southern Railway Company for loss of goods by fire. From a judgment for plaintiff, defendant appeals. Reversed.

The complaint is in the following form: (1) "Plaintiff claims of the defendant $750 damages for the failure to deliver certain goods, consisting of the following machinery: (Here follows detailed description of same)—received by the defendant as common carrier to be delivered to plaintiff at Florence, Alabama, for a reward, which it failed to deliver." (6) "Plaintiff claims of the defendant the sum of $750 as damages, for that, whereas, on the 29th day of March, 1906, defendant received as a common carrier from the plaintiff, at Corinth, Miss., a lot of machinery, to wit: Here follows a detailed description of the machinery)—the property of the plaintiff, of the value of $750, which it agreed for reward to deliver in Florence, Alabama, to the plaintiff's order, and to notify Green & Jenkins, of Florence, Alabama. Plaintiff avers that some few days after the shipment of said machinery it reached Florence, Ala., and was held in defendant's possession. And plaintiff alleges that after the said machinery reached Florence, Ala., and before it had been burned, plaintiff, through Green & Jenkins, inquired of defendant's agents at Flor-

ence, Ala., whether said machinery had arrived, and was informed by said agent that it had not. And plaintiff avers that, prior to the burning of said machinery it made further inquiries as to the arrival of the said machinery of the defendants' agents at Florence, Ala., and was each time notified that the machinery had not arrived. And plaintiff avers that, although it undertook in the manner aforesaid to get information of the whereabouts of said machinery after its arrival in Florence, Ala., it was unable to do so, and the defendant held possession of the same until it was burned, and wholly lost to plaintiff's damage as aforesaid."

The demurrers take the point, first, that there was a misjoinder and that it does not appear that said inquiries were made after said machinery had reached Florence, and before a reasonable time had elapsed for the consignee to remove same, and that it appears that defendant's liability as a carrier had terminated at the time said inquiries were made, but does not appear that there was any breach of its duty as a warehouseman, and that it does not appear that the fire occurred by reason of defendant's negligence.

The following pleas were filed by the defendant: (3) "The contract sued on was made in the state of Mississippi for the carriage of the machinery to Florence, in the state of Alabama. Said machinery was carried by defendant to Florence, Ala., as required by said contract, and the car containing it was placed on defendant's track at or near defendant's said depot at Florence, on or about the 31st day of March, 1906, and a notice of its arrival was given to Green & Jenkins, by depositing a notice to that effect with postage prepaid in the post office at Florence, Ala., addressed to Green & Jenkins, at Florence, Ala., which was the address of the said Green & Jenkins, as shown by the contract of af-

freightment. Said notice was so mailed within a day or two after the arrival of said goods at Florence. Said Green & Jenkins did not call for said machinery, although it remained in said depot or warehouse until it was destroyed by fire on or about April 20, 1906, without fault on defendant's part. And the defendant further avers that the plaintiff did not call for the said machinery prior to said fire on April 20, 1906." Plea 4 is the same as 3, except that it alleges that notice was mailed on April 18, 1906, instead of a day or two after the arrival of the goods. (5) "The contract sued on is made in the state of Mississippi, for the transportation of the said machinery to Florence, Ala., said machinery was duly carried by defendant to Florence, Ala., as required by said contract, and the car containing said machinery was placed on defendant's track at or near the depot or warehouse at Florence, Ala., on or about the 31st day of March, 1906, and the plaintiff on March 30, 1906, notified said Green & Jenkins, at Arthur, Ala., that said machinery had been shipped to Florence, Ala., and plaintiff had drawn on said Green & Jenkins for $300, balance of cash payment on same. Said Green & Jenkins did not call for said machinery until after it was destroyed by fire, on or about April 20, 1906, and such fire occurred without fault or want of reasonable care on the part of the defendant. And the defendant further avers that plaintiff did not call for said machinery at Florence, Ala., prior to said fire on April 20 ,1906."

The following charges were refused to the defendant: (8) "There is no evidence in this case that Green & Jenkins were the agents of the defendant." (9) "Under the evidence in this case, the defendant cannot be held liable as a warehouseman." (10) "I charge you that neither Mrs. Moore, nor Mrs. Beaton, nor Mr. Ky-

ser was the agent of plaintiff in making inquiry for said machinery, under the evidence in this case." (5) "If you believe, from the evidence, that the machinery had been safely carried to Florence, and remained there in the car in which they were shipped on defendant's track, at or near the depot of defendant, until it was destroyed by fire on April 20, 1906, and that within three or four days after the arrival of said machinery at Florence the defendant's agents or employes mailed a postal card addressed to Green & Jenkins, at Florence, Ala., notifying them of the arrival of said machinery, I charge you that the defendant would not be liable under the first count of the complaint." (6) "If you believe, from the evidence, that the machinery arrived in Florence on March 31, 1906, and that within three or four days thereafter defendant's agent or employe mailed a postal card notice, addressed to Green & Jenkins, at Florence, Ala., notifying them of the arrival of said machinery and the machinery remained there until it was destroyed by fire on April 20, 1906, then the defendant would not be liable as a common carrier." (A) "If you believe, from the evidence, that plaintiff, the W. T. Adams Machine Company, did not use reasonable care and diligence to prevent the loss of said machinery, and allowed it to remain at Florence, Ala., for 20 days after its arrival there, and if you further believe, from the evidence, that said fire was not caused by the defendant's negligence, your verdict must be for the defendant." (7) "If you believe the evidence, and that plaintiff is entitled to recover, it cannot recover more than $600, with interest thereon from March 31, 1906."

PAUL SPEAK, and ALMON & ANDREWS, for appellant. Count 6 was a departure from the action stated in the original count of the complaint, and

the court should have sustained demurrer thereto for a departure. The court erred in sustaining demurrers to pleas 3, 4, and 5.—*Southern Ry. Co. v. Harrison,* 119 Ala. 539; *A. & A. R. R. v. Ledbetter,* 92 Ala. 326; *Frederick v. L. & N.,* 133 Ala. 486; *Tallassee F. M. Co. v. Western Ry.,* 128 Ala. 167; *Collins v. A. G. S.,* 104 Ala. 390. The notice was sufficient to relieve the railroad company of liability as a common carrier, and after it its liability was only as a warehouseman.—*Collins v. A. G. S., supra.* This was a defense against an action against the carrier as such.— *Tallassee F. M. Co. v. Western Ry. Co., supra; Frederick v. L. & N., supra.* A warehouseman is only liable for negligence. The replications were a departure from the original complaint and demurrers should have been sustained thereto. Appellants insist that the court erred in refusing charges 1, 2 and 3, as well as charges 8, 9 and 10, 5 and 6, but cite no authority in support thereof. They insist that charge A should have been given on the authority of *L. & N. v. Sullivan T. Co.,* 138 Ala. 379.

KIRK, CARMICHAEL & RATHER, for appellee.—Counsel insist that count 6 did not constitute a departure, but cite no authority in support of their contention. They insist that the court was not in error as to the pleas.— *L. & N. v. McGuire,* 79 Ala. ; *S. & N. R. R. Co. v. Wood,* 66 Ala. 168; *Cullom v. A. G. S.,* 104 Ala. 395. They insist that under the facts the carrier's common law liability was not changed to that of warehouseman. —*S. & N. R. R. Co. v. Wood, supra; A. & T. R. R. Co. v. Kidd,* 35 Ala. 209; *L. & N. v. Gilmer,* 89 Ala. 545. Counsel discuss the replications to the pleas, and insist that no error was committed thereto, but cite no authority in support thereof. Charges 1, 2 and 3 were

[Southern Railway Company v. W. T. Adams Machinery Co.]

properly refused.—*L. & N. v. McGuire, supra; S. & N. v. Woods, supra.* Counsel discuss the other charges assigned as error, but without citation of authority.

SAYRE, J.—There was objection to the amendment made by the addition of count 6 on the ground that it was a departure from the cause of action stated in the original complaint and operated a misjoinder of counts. Count 1, which constituted the complaint at the time of the filing of the amendment, followed the form laid down in section 5382 of the Code—then section 3352 of the Code of 1896—for an action against a common carrier on a contract of carriage, and stated a cause of action ex contractu.—*Tallassee Falls Co. v. Western Railway,* 117 Ala. 520, 23 South. 139, 67 Am. St. Rep. 179; *N. C. & St. L. Ry. Co. v Parker,* 123 Ala. 683, 27 South. 323; *L. & N. v. Landers,* 135 Ala. 504, 33 South. 482. Not so the amendatory count. Though not expressed with great clearness, the meaning of the count is that the defendant as a common carrier received and agreed for a reward to deliver at Florence to plaintiff's order certain machinery; that the machinery was carried to its destination in accordance with the contract of affreightment, but that plaintiff failed to receive it as he would have done before the time of its destruction by fire for the reason that he was misinformed by the defendant as to the fact of its arrival. The count does not disclose the lapse of time between the arrival of the goods at their destination and their destruction. Construing the count most strongly against the pleader, we must assume that a reasonable time in which the plaintiff might have had delivery made to him had elapsed, and that the defendant was free of fault except in the particular alleged. There is no averment that the fire was due to any negligence of the defendant, but the

statement is in effect that plaintiff's loss was caused by defendant's breach of a duty arising by implication of law out of the relation of bailor and warehouseman, which under the law grew up between the parties—its duty to inform the plaintiff at any time, on his application, that his goods had arrived and were ready for delivery. The duty of the defendant as a carrier having terminated, and its responsibility as a warehouseman having attached, the defendant was still liable for the wrongful acts of its employes acting within the scope of their employment. Thus, it has been held, that where goods are carried to their destination and notice given, the carrier is, nevertheless, responsible for the loss of the goods if its employes subsequently give incorrect information to the consignee which so misleads him as to prevent him from removing the goods, although the loss is not imputable to any other or different negligence on the part of the carrier.—*Butler v. E. T. V. & G. R. R. Co.,* 8 Lea (Tenn.) 32; *E. T. V. & G. R. R. Co. v. Kelly,* 91 Tenn. 699, 20 S. W. 312, 17 L. R. A. 691, 30 Am. St. Rep. 902; *Berry v. W. Va. R. R. Co.,* 44 W. Va. 538, 30 S. E. 143, 67 Am. St. Rep. 781; *Jeffersonville, etc., R. R. Co. v. Cotton,* 29 Ind. 498, 95 Am. Dec. 656; *Burlington, etc., R. R. Co. v. Arms,* 15 Neb. 69, 17 N. W. 351; *Faulkner v. Hart,* 82 N. Y. 413, 37 Am. Rep. 574; *R. & D. R. R. Co. v. Benson,* 86 Ga. 203, 12 S. E. 357, 22 Am. St. Rep. 446; 4 Elliott on Railroads, § 1463. The gravamen of count 6 is the wrong committed by the defendant in misinforming the plaintiff as to the arrival of the freight when it applied for information on the several occasions alleged, thereby preventing plaintiff from applying for and receiving the freight. Such is the cause of action alleged in count 6. The count is ex delicto.—*Western Union v. Krichbaum,* 132 Ala. 535, 31 South. 607. There is a clear distinction between this

case and the case of *Western Railway v. Hart,* 160 Ala. 599, 49 South. 371. In that case the averment was that "the defendant undertook as a warehouseman for a reward, and for the benefit of the plaintiff." This cause having been tried at a time when actions ex contractu and ex delicto could not be joined, there was error in allowing the amendment. This has been the rule obtaining uninterruptedly in this state from the beginning, down to the day when the Code of 1907 went into effect, was the rule when this cause was tried, and, in the exercise of a jurisdiction strictly appellate, we are constrained to follow it on this occasion. The view which we have taken of count 6, in connection with the consideration that under the circumstances there detailed it was negligence per se for the defendant to give the plaintiff incorrect information as to the arrival of the goods at destination, will dispose of the demurrer which was directed specifically to that count. As for any ground stated against the count standing alone, the demurrer was properly overruled.

Plea 3 sought to exonerate defendant by showing that the goods had been carried according to contract to Florence in this state, their agreed destination, and the car containing them placed on defendant's track at or near the depot; that notice of their arrival was given through the post office; and that they were destroyed by fire about 20 days later without fault imputable to the defendant. We need to consider only the defect pointed out by the demurrer filed. The effort of the plea is to relieve defendant of responsibility by showing a compliance with section 4224 of the Code of 1896, and the subsequent destruction of the goods without negligence imputable to the defendant. As setting up a compliance with the statute, the plea was defective because it failed to allege that the notice was mailed within 24 hours

after the arrival of the freight at its place of consignment as the statute plainly requires. The plea alleges that notice was mailed within a day or two after the arrival of the goods at Florence in this state, and their destruction without defendant's fault 20 days later More than a reasonable time for the removal of the goods elapsed between the mailing of the notice and the destruction of the goods.—*Columbus & Western v. Ludden & Bates,* 89 Ala. 612, 7 South. 471. And if the consignee had notice in fact at any time of the arrival of the freight and its readiness for delivery, and thereafter a reasonable time expired without a demand for the goods, the manner of the notice was immaterial, and a plea stating these facts would constitute a valid defense.— *Fenner v. B. & S. L. R. R. Co.,* 44 N. Y. 505, 4 Am. Rep. 709; *Normile v. N. Pac. R. R.,* 36 Wash. 21, 77 Pac. 1087, 67 L. R. A. 271. But there is no allegation of notice in fact, but only of facts from which the jury might infer notice When the statute is complied with, the mailing of notice, postage paid, is notice to the consignee. Such is the effect of the statute. But where there is no compliance with the statute, the fact that notice is mailed is nothing more than rebuttable evidence of its receipt by the consignee; and a plea setting forth only such evidence, fails to show notice in fact. As an answer to count 1, which set up liability as an insurer, the plea failed to show that defendant's liability of that character had terminated, as it attempted to do. Treating now the complaint as properly containing both counts 1 and 6, what we said of count 6 while considering the demurrer to the complaint for misjoinder of counts will sufficiently disclose our reasons for holding the plea bad as an answer to that count. As affecting the facts there alleged, notice was immaterial. The plea contains no denial of the facts upon which the count predicates liability.

Plea 4 is no better than plea 3. Its only difference from 3 is that it alleges that notice was mailed on a date 18 days after the arrival of the goods and only 2 days before the goods were burned, instead of "within a day or two after the arrival of said goods at Florence" as plea 3 averred.

Plea 5 alleges that plaintiff in advance of shipment notified Green & Jenkins that the machinery had been shipped, but that the persons named did not call for it until after it had been destroyed by fire without fault on the part of defendant about 20 days later. The plea was demurrable because the notice alleged was not notice that the machinery had arrived and was ready for delivery, but only that it had been shipped, meaning, as we must construe it against the pleader, that plaintiff had delivered it to the carrier for shipment. That of course was not the notice contemplated by the law which has to do with relieving the carrier of its responsibility as an insurer while preserving its responsibility as a warehouseman. If the plea was intended to assert defendant's absolution under the law applicable to places other than those designated in the statute to which we have heretofore referred, or, to state the proposition in another form, if it was intended to assert that the defendant was not liable under count 1 for the reason that the statute requiring notice of the arrival of goods affreighted at their destination and their readiness for delivery did not apply at Florence, and that therefore it was the plaintiff's duty to make inquiry without notice, it was defective in failing to aver facts taking Florence out of the class of cities and towns in which the statute is operative. The plea was no answer to count 6 for reasons heretofore noticed when considering pleas 3 and 4.

On principles hereinabove announced the demurrers to the special replications to pleas 6 and 13 as answers to count 1 should have been sustained. These replications in substance set up the facts which had been alleged as ground of recovery by plaintiff in count 6 of the complaint. As we have seen, this was a departure.

Appellant insists that it was entitled to have the affirmative charge as to each count and as to the complaint as a whole. The matter of what notice plaintiff or its consignee should have of the arrival of the goods at destination was a matter about which the parties to the bill of lading had a right to contract according to their own convenience or pleasure. The evidence showed without conflict that by the contract the shipment was consigned to the shipper's order at Florence, Ala., with instructions to notify Green & Jenkins at that place. The bill of lading acknowledeged the receipt by the defendant of the goods "addressed to S. O. Notify Green & Jenkins, Florence, Ala." Defendant's agents at Florence testified without contradiction that the goods were received at Florence in the afternoon of March 31, 1906, and notice mailed to Green & Jenkins, Florence, Ala., on the evening of March 31st, or noon of April 1st, postage prepaid. The notice was repeated some days later, at latest three days before the destruction of the goods. The property was destroyed by fire on the morning of April 20th. Under these circumstances the plaintiff could not recover on the first count. —*Columbus & Western v. Ludden & Bates, supra.* But, apart from any question in respect to the application of the statute of limitation to the sixth count, the evidence as to that count was in palpable conflict and made a question for the jury. We have just recited that provision of the bill of lading which required the defendant to notify Green & Jenkins at Florence. It appeared in

one aspect of the evidence that Green & Jenkins were in business at Lexington 20 and odd miles from Florence; and that they made the inquiry alleged in the sixth count of the complaint by telephone to defendant's agent at Florence.   One insistence of the appellant is that the court must say as matter of law that Green & Jenkins were not plaintiff's agents in making the inquiry. But the insistence amounts to an assertion only, unsupported by reason stated or authority cited.   We think the cited provision of the contract made Green & Jenkins the agents of plaintiff to receive notice of the arrival of the machinery; whether the inquiry was made in such terms as to reasonably apprise de- fendant of the fact that it related to the ship- ment in controversy was a question of fact for the determination of the jury.   As for the proposition put forward by defendant's refused charge 10, we cannot concede its correctness.   It asserts that neither Mrs. Moore, nor Deaton, nor Kyser, was the plaintiff's agent in making inquiry for the machinery. Deaton and Kyser made the inquiry, at different times over the tele- phone while Green stood at their elbow and directed what they should say.   Mrs. Moore operated the tele- phone connection at Florence and repeated the inquiry to defendant's agent at Florence.   The reliability and accuracy of all this as a means of communication was for the jury, and it was for the jury to say whether the message which finally reached the defendant, after per- colation through these various agencies, did fairly ap- prise defendant of the fact that plaintiff was inquiring for the particular goods in controversy.   So far as the question of agency is concerned, the persons named be- came in legal contemplation mere instrumentalities— mere parts of the telephone connection between Green, who was plaintiff's agent, and the defendant.

29—165

What we have hereinbefore said will indicate our reasons in disposing of charges 8, 9, and 10, refused to the defendant. They were properly refused.

Charge 5 assumes that if the machinery was safely carried to Florence, and remained in the car in which it was shipped, on defendant's track at or near the defendant's depot, it was ready for delivery. Computation of the reasonable time in which a consignee may apply for and remove freight begins from the time when the freight is at the place for delivery and ready for delivery in the manner usual or adopted by the parties.— *Tallassee Falls Co. v. Western Railway*, 128 Ala. 167, 29 South. 203. That was a question for the jury, and the assumption of the charge was erroneous.

Charge 6 pretermitted all inquiry as to whether the goods were ready for delivery, and was for that reason properly refused. The effect of both charges 5 and 6 was limited by their terms to the finding under the first count, and their consideration has been so limited.

Green & Jenkins had a contract for the purchase of the machinery, and the shipment was for the purpose of delivery to them. But plaintiff retained title, and the loss fell upon it. The machinery was valued at $700, which included freight to Florence, paid by plaintiff, and the recovery was for that amount with interest. Green & Jenkins had paid $100 on account of the purchase. Charge 7, refused to the defendant, sought to reduce plaintiff's recovery by the amount of that payment. But the terms of sale were that $400 was to be paid on delivery. Plaintiff drew on Green & Jenkins, bill of lading attached, for $300, and had the machinery consigned to its own order, thus evincing its purpose to retain the property until the cash payment was complete. Under these conditions the plaintiff was entitled to maintain its action, if at all, for the full value of the

machinery, and it was of no consequence to the defendant that plaintiff had in its possession $100 for which it was bound to account to Green & Jenkins. The charge was properly refused.

Charge A was abstract, and there was no error in refusing to give it. There was no evidence in support of the notion that plaintiff might have minimized the loss, nor was any negligence on plaintiff's part pleaded.

The judgment must be reversed and the cause re-manded for another trial.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, ANDERSON, and EVANS, JJ., concur. MAYFIELD, J., concurs in the result.