(104 So. 418)

## AMERICAN RAILWAY EXPRESS CO. v. JUDD. (5 Div. 911.)

(Supreme Court of Alabama. April 16, 1925. Rehearing Denied May 28, 1925.)

1. **Principal and agent ⬅️177(3)—Statute requiring carrier to give consignee notice of arrival of shipment held not complied with.**

Code 1907, § 6137 (Code 1923, § 10496), requiring carrier to give consignee notice of arrival of shipment within 24 hours, in order to be relieved of liability as carrier, held not complied with, where consignee's overseer, to whom notice was given, was not agent of consignee for such purpose, and person who was his

agent did not have personal notice of arrival of shipment.

2. **Carriers ⬅️119—Defendant required to acquit itself of blame for injury to pecan trees as a common carrier.**

Where trees, which were damaged at defendant's depot by frost, were held by it as a common carrier, through failure to give consignee notice, defendant was required to acquit itself of blame as such common carrier.

3. **Carriers ⬅️136—Reasonable time for removal of trees from depot of common carrier is question of law, where facts were undisputed.**

Where facts are undisputed, reasonable time for removal of trees from depot of common carrier is a question of law.

4. **Carriers ⬅️114—Consignee, not notified, did not have reasonable time to remove trees from depot, before being damaged by cold.**

Where pecan trees arrived at station Friday morning, and were damaged by cold during Sunday, and consignee's agent was not notified of arrival until Monday morning, consignee did not have reasonable time in which to remove trees before they were damaged.

5. **Carriers ⬅️135—Plaintiff's recovery not limited to nominal damages in action against carrier for injury to pecan trees.**

In suit for damages for injury to pecan trees from cold, while being held at defendant's depot, plaintiff's recovery was not limited to nominal damages where evidence showed market value of trees at point of destination and time of arrival and that after they were damaged by cold they were without value.

6. **Damages ⬅️62(1)—One must use all reasonable and convenient care to minimize damage.**

One must use all reasonable and convenient care to minimize damage.

7. **Damages ⬅️62(3)—Plaintiff not required to expend large sum in planting damaged trees to minimize carrier's damages.**

In suit for damages for injury to pecan trees from cold while being held at defendant's depot, plaintiff was not required to expend large sums in planting all damaged trees, and to wait unreasonable time for results to minimize carrier's damages.

8. **Carriers ⬅️136—Extent of consignee's damages for trees injured by cold at carrier's station held for jury.**

In suit for damages for injury to pecan trees from cold while being held at defendant's depot, extent of consignee's damages held for jury.

9. **Trial ⬅️260(1)—Refusal of charges covered by given charges held not erroneous.**

Refusal of requested charges, covered by given and oral instructions, held not erroneous.

Appeal from Circuit Court, Lee County; S. L. Brewer, Judge.

Action by Zebulon Judd against the American Railway Express Company. Judgment

---

for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Count 1 of the complaint claims damage for injury to certain 'pecan trees received by defendant "as a common carrier, to be delivered to plaintiff, at Auburn, Ala., for a reward, which said goods were injured * * * while in the possession of defendant as such common carrier."

Count 2 ascribes the negligence to defendant's failure to store or house the goods from January 18, the date on which they arrived at Auburn, to January 21, the date of delivery to plaintiff.

These charges were refused to defendant:

"(7) The court charges the jury that, if you believe all the evidence in this case, you cannot find for the plaintiff under the first count of the complaint."

"C. The court charges the jury that, under the evidence in this case, the plaintiff had a reasonable time after the defendant gave notice of the arrival of the trees to remove them before there was any freezing temperature.

"D. If the jury find for the plaintiff, you cannot assess more than nominal damages."

Denson & Denson, of Opelika, for appellant.

Deposit of notice in the post office within 24 hours after arrival of the goods was the effective time of giving notice. Code 1907, § 6137; Sou. Ry. v. Adams, 165 Ala. 436, 51 So. 779. Where consignee is temporarily residing at a great distance from the place of destination, notice to one who could act for him is sufficient. 10 C. J. 238; Backhaus v. Chicago R. Co., 92 Wis. 393, 66 N. W. 400; Greek-Am. Prod. Co. v. I. C., 4 Ala. App. 377, 58 So. 994. When notice is given at 11 o'clock a. m. of the day of arrival, and the goods are not removed on the same day, the liability of the express company as a common carrier ceases, and is thereafter that of a warehouseman. C. & W. v. Ludden, 89 Ala. 612, 7 So. 471; Sou. Exp. Co. v. Holland, 109 Ala. 362, 19 So. 66; Hutchinson v. U. S. Exp. Co., 63 W. Va. 128, 59 S. E. 949, 14 L. R. A. (N. S.) 393; Kennedy v. M. & G., 74 Ala. 430; Collins v. A. G. S., 104 Ala. 390, 16 So. 140; 4 R. C. L. 827; 10 C. J. 372; S. & N. v. Wood, 71 Ala. 215, 46 Am. Rep. 399. It was the duty of plaintiff to exercise ordinary care to diminish the amount of his damage. Western v. Koosa Co., 169 Ala. 258, 53 So. 98; L. & N. v. Sullivan, 138 Ala. 379, 35 So. 327. The burden was upon plaintiff to show, under the common carrier count, that injury occurred before termination of liability as common carrier, and, under warehouse count, that there was negligence proximately causing the injury. S. & N. v. Wood, 71 Ala. 215, 46 Am. Rep. 399; Collins v. A. G. S., 104 Ala. 390, 16 So. 140; 10 C. J. 372; 4 R. C. L. 915. If evidence fails to provide data from which damages can be determined, nominal damages

only can be awarded. Gulf Red Cedar Co. v. Walker, 132 Ala. 553, 31 So. 374; Parker v. Mise, 27 Ala. 480, 62 Am. Dec. 776; 17 C. J. 725; Mo. Pac. v. Rushin, 3 Willson, Civ. Cas. Ct. App. (Tex.) § 317.

Barnes & Walker, of Opelika, for appellee.

The time between arrival of goods and removal was not such as to terminate liability as carrier. C. of G. v. Burton, 165 Ala. 425, 51 So. 643. Nor is such liability relieved by storage of freight in depot or warehouse, unless notice, personally or by mail to consignee, is given within 24 hours. Code 1923, § 10496; 10 C. J. 233; C. & W. v. Ludden & Bates, 89 Ala. 614, 7 So. 471. By placing the goods on platform, as in this case, defendant was guilty of gross negligence as a common carrier. Sou. Exp. Co. v. Armstead, 50 Ala. 350. As to measure of damages, see 10 C. J. 396, 397.

THOMAS, J. The evidence shows that defendant had never stored the pecan trees in its depot or warehouse, but left them under "the shed" at the depot, where they were injured by the cold.

[1, 2] The defendant was holding the trees as a common carrier at its depot, not in its depot, at the time of delivery to consignee. The provisions of section 6137 of the Code of 1907 (section 10496 of the Code of 1923) had no application. It is shown by the evidence that the trees arrived at Auburn at 10:10 o'clock a. m., Friday, and were damaged by the cold during Sunday, that appellant did not give notice to the consignee, "personally or through the mail," of the arrival of the consignment, but that the notice given was mailed to "Judd's Overseer." A notice to one other than the consignee does not amount to a compliance with the provisions of the statute. Code 1907, § 6137. There being no evidence that "Judd's Overseer," Craft, was the agent or representative of consignee for the purpose of such receipt, and the evidence showing that Livingston was his said agent, and that the latter did not have personal notice of said arrival of the shipment, the statute was not complied with. Defendant held the trees as a common carrier (Columbus & Western Ry. Co. v. Ludden & Bates, 89 Ala. 614, 7 So. 471), and defendant must acquit itself of blame as such common carrier.

[3, 4] The overseer, Craft, testifies that he received the notice late Saturday afternoon, immediately went to defendant's office or warehouse and found no one, notified Livingston Monday morning, who discovered the damage when he received the trees. The facts being undisputed, the reasonable time for removal of the trees from the depot of the common carrier was a question of law. Continental Jewelry Co. v. Pugh Bros., 168 Ala. 295, 53 So. 324, Ann. Cas. 1912A, 657;

Southern Ry. Co. v. Norwood, 186 Ala. 49, 64 So. 604. Under the circumstances shown, the consignee did not have a reasonable time to remove the trees from the depot before the same sustained the aforesaid damage. Central of Ga. Ry. Co. v. Burton, 165 Ala. 425, 51 So. 643. It will be noted of the case of Southern Ry. Co. v. Adams Machinery Co., 165 Ala. 436, 51 So. 779, cited by appellant, that the notice was given to the consignee and not to a third person.

[5] The evidence shows the market value of the trees at the point of destination and time in question (Burton & Sons Co. v. May [Ala. Sup.] 103 So. 46[1]), and also that after they were damaged by cold they were without value. Charge D was properly refused.

[6, 7] Defendant sought to instruct the jury as follows:

"B. The plaintiff was not authorized to abandon the trees because of the exposure at the railway station; it was his duty to use the care which an ordinarily prudent man would have used to preserve the trees and give them a chance to grow; and, if the jury is not reasonably satisfied from the evidence that failure of the plaintiff or his agent to exercise ordinary care did not cause the damage, the jury cannot find for the plaintiff."

The duty to use all reasonable and convenient care to minimize damages is established. Werten v. K. B. Koosa & Co., 169 Ala. 258, 53 So. 98, action against landlord for damage to goods; L. & N. R. R. Co. v. Sullivan Timber Co., 138 Ala. 379, 35 So. 327, action for destruction by fire; L. & N. R. R. Co. v. Hine, 121 Ala. 234, 25 So. 857, action for damages for ejection from train. The witness Craft testified of his due care of the trees after they were received; that they were bedded in trenches; that he planted a few of them on the Webster place; and that the trees so planted "are not doing any better than the ones (bedded) in the trenches." The action of the overseer in planting some of the damaged trees and in bedding in trenches the larger portion of them, under the circumstances of the damage to the trees, prevented the giving of the affirmative charge requested to the effect that only nominal damages might be recovered. The plaintiff could not be expected to have expended large sums in planting all of the damaged trees, and to have waited an unreasonable time for the result of such experiment.

[8, 9] Both parties had ready access to the judgment of experts as to the damage. The horticulturists differ as to the extent of the damage. One said they were worthless; another that, if they had been handled in a proper manner after being taken from the depot, a different result would have been obtained. Whatever may have been the better judgment as to this—samples of the trees were introduced in evidence for the inspection of the jury. The exercise of the common knowledge and experience by the jurors prevents a review of charges predicated on such damage in the premises. Burton & Sons Co. v. May (Ala. Sup.) 103 So. 46.[1] A jury question was made as to the extent of the damage. Charges B and 15 were covered by given and oral instructions.

Defendant's refused charges C and 7, seeking to instruct as to a reasonable time for removal of the trees from the depot, in order to change the character of the holding from that of a common carrier to that of a warehouseman, under the undisputed evidence were properly refused. So also no error intervened on such ground in overruling the motion for a new trial.

Considering the evidence and the other grounds of the motion for a new trial, we cannot say that the verdict of the jury was contrary to the great weight of the evidence, or was excessive.

The judgment is affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

