## FINLEY v. CITY OF DECATUR.
### 8 Div. 410.

Supreme Court of Alabama.
Nov. 2, 1933.

Tennis Tidwell, of Decatur, for appellee.

E. W. Godbey, of Decatur, for appellant.

BOULDIN, Justice.

The appeal is from a judgment or decree of the circuit court sustaining a local assessment against abutting property for street improvements. Code, § 2211.

The improvement consisted in the pavement of one block of Church street in the city of Decatur. The grade of the street, especially at the south end, is several feet above the level of defendant's adjoining property. This to connect with a bridge over the railroad tracks a short distance south of such property.

Appellant, property owner, contends that, by reason of the manner of constructing the improvement, and the lack of adequate drainage, surface waters falling on a portion of the improved street are cast on the abutting property involved, at times flooding the ground floor of the building thereon, resulting in diminution of the market value of the property.

The trial court correctly instructed the jury that, in finding the increased value of the property by reason of the special benefits resulting from the improvement, if any, they should take into consideration this injury or damage, if any, and award only such sum as represented the increased value by reason of special benefits from the improvements on the whole evidence; or, as stated in given charges, the increased value, if any, after offsetting damages against benefits.

Evidence of the city engineer touching the reasonable cost of controlling these surface waters, either by prevention of their flow upon the adjoining property or by drain-

454

age from the lot, or otherwise preventing the flooding of the building, was properly received. Such evidence was not objectionable because the water was cast upon the lot by wrongful act of the city, nor because it was the initial duty of the city to provide proper drainage.

The issue, as stated, was one of benefits vel non in view of the entire status. If the owner, or prospective purchaser, at comparatively small expense, could remedy the situation, this fact was for consideration by the jury, in passing upon the effect of the improvement as a whole on the market value. In some events, the costs of preventing injury may be the proper measure of damages as an offset to benefits. American Railway Express Co. v. Judd, 213 Ala. 242, 104 So. 418; Montgomery Bank & Trust Co. v. Kelly, 202 Ala. 656, 81 So. 612; Werten v. K. B. Koosa & Co., 169 Ala. 258, 53 So. 98; Mobile & O. R. Co. v. Red Feather Coal Co., 218 Ala. 582, 119 So. 606; Sedgwick on Damages, § 204; 8 R. C. L. 446; 17 C. J. 767.

But the evidence discloses, more fully on cross-examination, that the cost of such preventive means, as given by the engineer, looked to excavations and drainage through other property with outlet passing the waters into the railroad cut, which the property owner had no legal right to do. Another alternative, under the evidence of this witness, contemplated making excavation on the public street, and installing a pipe under the sidewalk. This the property owner could not lawfully do unless and until a special permit was obtained from the proper authorities of the city.

To charge the property owner with the duty to prevent or minimize the damages the methods of so doing must be open to him. He cannot be required to commit a trespass or to otherwise violate the law; nor can he be expected to avert the results of a wrongful act of the city, to make application to the city for a grant of lawful right. Montgomery Bank & Trust Co. v. Kelly, supra; Cumberland Grocery Company v. Baugh's Adm'r, 151 Ky. 641, 152 S. W. 565, 43 L. R. A. (N. S.) 1037, Ann. Cas. 1915A, 131; 1 Sedgwick on Damages, § 225, p. 334; 1 Sutherland on Damages, § 90.

The trial court, therefore, erred in refusing the following charge, requested in writing: "The Court charges the jury that the defendant Finley, the property owner, would have no right to excavate, or put any appliances on the street, or alley or other public property, in order to protect his property, or to conduct flood waters away from said property."

In this connection the evidence of the mayor to the effect that the city had never refused a permit for proper drainage projects by abutting property owners was subject to objection; but the objection that it was not responsive to the question was inapt. We would not be understood as holding that the jury, under the evidence, could not find that preventive means were open to the property owner through lawful construction on his own property.

The witness, Webb, showed such knowledge of the property and the conditions as to flood waters as qualified him to give his judgment whether the property was benefited or damaged by the improvement.

The court erred in disallowing such evidence. Alabama Power Co. v. Sides, 212 Ala. 687, 103 So. 859.

The record of assessment proceedings import a valid assessment under our statutes, and the court properly proceeded to try the issue as to the proper amount of the assessment. Code, § 2210.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.