# Beall *v.* Folmar, Sons & Co.

## *Action of Trover.*

1. *Trover; when error in overruling demurrers to pleas without injury.*—In an action of trover, where the defendant pleads the general issue, and by a special plea denies that plaintiff has any interest in the property alleged to have been converted, and by another special plea avers a special property in the defendant superior to that of the plaintiff, the overruling of demurrers to such pleas, if erroneous, is error without injury, since neither the said pleas set up any defense that could not have been shown under the plea of the general issue, which put in issue the material allegation of the complaint that the property alleged to have been converted belonged to the plaintiff.

2. *Same; when conversion not shown; landlord and tenant.*—The purchase of a part of a crop from a tenant who sold the same by the consent of the landlord to whom the tenant paid the

[Beall v. Folmar Sons & Co.]

proceeds for rent, does not constitute a conversion by the purchaser as against an existing mortgagee of said tenant; the landlord's claim being superior to that of the mortgagee; and in an action of trover against such purchaser, evidence tending to show that the tenant had the authority and permission from the landlord to sell the crop is competent and properly admitted.

3.  *Same; admissibility of evidence for the purpose of impeachment.* In an action by the mortgagee of a crop raised by a tenant, against the purchaser thereof to recover damages for conversion, where the tenant who was not a party to said suit denied, upon his examination as a witness, that he executed the mortgage and also denied having stated that the plaintiff mortgagee held a mortgage on said crop, it is not competent, even for the purpose of laying a predicate to impeach said witness, to prove the making of such statement by him, at a time when the purchaser was not present.

4.  *Witness; impeachment; charge in reference thereto.*—Where on the trial of a civil case, the plaintiff's testimony in his own behalf conflicts with that of some of the witnesses, a charge which, after instructing the jury that they must, if possible, reconcile the testimony of the witnesses, further instructs them "that one of the complications you will have to solve in this case is that some of the plaintiff's witnesses have testified differently from the plaintiff," is not erroneous or objectionable as being a charge upon the effect of the evidence; such instruction simply referring to a conflict in the evidence which it was competent for the court to do.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JOHN R. TYSON.

This was an action of trover, brought by the appellant, J. W. Beall, against James Folmar Sons & Co., to recover damages for the alleged conversion of 20 bales of cotton. The defendants pleaded the general issue and the following special pleas: "Second. That the said property, for the conversion of which this suit was brought, was never the property of the plaintiff.

"Third. That in the said property for the conversion of which this suit was commenced the defendants hath a special property superior to the right therein of the plaintiff."

To the second special plea the plaintiff demurred upon the grounds: 1. That it is no answer to the complaint.

2. Said plea fails to deny that the defendants are guilty of the acts of conversion complained of.

To the third plea the plaintiff demurred upon the grounds: 1. That it was no answer to the complaint. 2. That said plea fails to set out the facts to show wherein the defendant's special property in the cotton alleged to have been converted was superior to the right of plaintiff therein. Each of these demurrers were overruled, and the plaintiff duly excepted.

The plaintiff,, after proving the execution thereof introduced in evidence a mortgage, executed on February 17, 1894, by M. N. Hassey to the plaintiff, in which mortgage, the mortgagor, to secure his indebtedness to the plaintiff, conveyed the entire crop raised by him during the year 1894. This mortgage was recorded on February 17, 1894.

The evidence for the plaintiff then tended to show that the cotton alleged to have been converted by the defendants was raised by said Hassey during the year 1894, and was covered by said mortgage, and that the defendants purchased said cotton from said Hassey in November, 1894.

M. N. Hassey, introduced as a witness by the plaintiff, testified that he rented the lands in the year 1894 from one W. V. Bell; that he sold several bales of the cotton raised by him on said rented lands to the defendants; that when he brought the cotton to market he carried the samples to the plaintiff and told him that the defendants were paying more for cotton than any one else, and that thereupon the plaintiff told him to sell them the said cotton. That out of the proceeds of the cotton sold to the defendant he paid W. V. Bell, as landlord, between $200 and $300 on the rent of the land. The plaintiff objected to and moved to exclude the evidence of this witness as to his having paid $200 or $300 on the rent to Bell. The court overruled the objection and motion, and the plaintiff duly execepted. The said witness, Hassey, further testified that the cotton was sold to the defendants by the permission of W. V. Bell. This witness further testified that he did not execute the mortgage to the plaintiff; that upon the note, which he had

given to the plaintiff in 1893 maturing, he asked the plaintiff to allow him to renew it, and that after the instrument introduced in evidence was prepared by the plaintiff, the plaintiff informed him that it was exactly like the former note, and that he, Hassey, signed said papers believing that it was a waive note and without any knowledge that it was a mortgage; and that he did not intend to give and did not know that he was executing a mortgage to the plaintiff.

The plaintiff's attorneys asked the witness, Hassey, the following question: "In the fall of 1894, when the sheriff, Mr. L. S. Knight, levied on the bale of cotton which was in your possession at the time, did you not tell Knight that the plaintiff had a mortgage on the cotton, or words to that effect?" The witness answered that he did not make such statement.

The plaintiff as a witness in his own behalf testified that he did not tell the witness Hassey at the time of the execution of the mortgage that it was a note, but that the mortgage was executed to secure the indebtedness which Hassey owed the plaintiff.

The plaintiff introduced as a witness in his behalf L. S. Knight, the sheriff of Crenshaw county, and he was asked the following question: "State whether or not in the fall of 1894 you, as sheriff, levied on some cotton raised by M. N. Hassey and that when you did so, you and Mr. Hassey went to J. W. Beall, the plaintiff, at the instance of Mr. Hassey, and whether Hassey at the time stated that plaintiff held a mortgage on the cotton, and had the plaintiff show you the mortgage in controversy in this case, and thereby caused you to release the cotton from the levy?" The defendant objected to this question, the court sustained the objection, and the plaintiff duly excepted.

The testimony for the defendant tended to show that before the purchase of the cotton involved in this controversy, the plaintiff transferred the mortgage given by Hassey to him to Lehman, Durr Company. The plaintiff as a witness in rebuttal denied that the mortgage had been so transferred.

The portion of the court's oral charge to which exceptions was reserved is set out in the opinion.

27

[Beall v. Folmar Sons & Co.]

There were verdict and judgment for the defendants. The plaintiff appeals and assigns as error the several rulings of the trial court to wihch exceptions were reserved.

RUSHTON & POWELL, for appellant.—The court should have allowed the witness Knight to answer the question propounded to him. The defendants were claiming through Hassey and certainly ought to have been bound by his statements and acts with reference to the property in controversy. The testimony sought from the witness Knight was in the nature of independent testimony. It sought to establish a fact and should have been allowed. *Hemingway v. Garth*, 51 Ala. 530; *White v. State*, 87 Ala. 24; 29 Amer. & Eng. Encyc. of Law, 812.

The oral instructions of the court to the jury that one of the complications they would have to solve in the case was that some of plaintiff's witnesses had testified differently from the plaintiff was clearly a charge upon the effect of the evidence and was an invasion of the province of the jury.—*Moore v. Robinson*, 62 Ala. 546; *Postal T. Co. v. Brantley*, 107 Ala. 686; *Mayer v. Thompson*, 116 Ala. 634; Code of 1896, § 3326.

J. C. RICHARDSON and C. E. HAMILTON, *contra.*—There was no error of which the appellant can complain in overruling the plaintiff's demurrers to the 2d and 3d pleas.—2 Chitty's Pleadings, (16th Am. ed.), pp. 530, 532, 725, 726; 3 Brick. Dig. 774; *Herring v. Skaggs*, 73 Ala. 453.

DOWDELL, J.—The appellant, plaintiff in the court below, sued the defendants in trover for the conversion of twenty bales of cotton. The complaint is in the form given in the Code. The defendants for answer to the complaint pleaded three pleas, the first being the general issue, the second specially denied that plaintiff ever had any property in the cotton for the conversion of which the suit was brought, and the third averred a special property in the defendants to the cotton superior to any right therein of the plaintiff. The second and third pleas

were demurred to by the plaintiff and the demurrer by the court overruled. This ruling of the court is now assigned as one of the errors.

"To support an action of trover, the right of property, general or special, and possession or an immediate right of possession, must concur in the plaintiff at the time of the conversion; and to constitute a conversion, there must be a wrongful taking or a wrongful detention, or an illegal assumption of ownership, or an illegal user or misuser."—*Booker v. Jones*, 55 Ala. 266. The plea of the general issue under section 3295, Code of 1896, put in issue all of the material allegations of the complaint. This plea, therefore, put in issue not only the fact of conversion, but also the allegation that the cotton converted was the property of the plaintiff. This latter averment of property in the plaintiff was a material allegation, and any plea putting in issue this allegation or averment, whether in form a special plea or the general issue, is sufficient. A general property, coupled with the right of possession to the thing in action, is sufficient to support a recovery for a wrongful conversion, but a special property in the defendant, at the time of the alleged conversion, in the thing for which the suit is brought, may defeat a recovery by one having only a general property. The second and third pleas, which were demurred to, neither set up nor attempted to set up any defense that could not have been shown under the first plea—the general issue. The overruling of the demurrer to these pleas, therefore, if error, was error without injury.

There was evidence that the mortgagor, Hassey, raised and made the cotton in question on rented lands. The landlord, for the current rent, undoubtedly had a claim to the cotton which was superior to that of the mortgagee, Beall. There was also evidence tending to show that the mortgagor, Hassey, had authority and permission from the landlord to sell the cotton, turning over the proceeds of the sale to the landlord in payment of rent. Certainly to the extent of the landlord's rent there could be no conversion by the purchaser of which the mortgagee, Beall, could complain. The evidence on this line was competent and properly admitted by the court.

The rule is too well settled to need citation of authority, "that a predicate to impeach a witness cannot be based upon irrelevant or immaterial evidence. Hassey was not a party to this suit, and it was therefore not competent to prove his declarations made to the sheriff, Knight, in regard to plaintiff's having a mortgage on the cotton, against the objections of the defendants, who were not present at the time of the alleged declaration.

The record in this case shows that there was a conflict between the plaintiff's evidence, as given in his own behalf, and that of some of plaintiff's witnesses. The presiding judge, in his oral charge, among other things said to the jury, "that they must, if they can, reconcile the testimony of the witnesses, and that a party calling a witness to testify in his behalf is precluded from impeaching his truth and veracity, and that one of the complications you will have to solve in this case is, that some of plaintiff's witnesses have testified differently from the plaintiff." The plaintiff excepted to that part of the charge which says, "and that one of the complications you will have to solve in this case is, that some of the plaintiff's witnesses have testified differently from the plaintiff." It is insisted by counsel for appellant that this was a charge upon the effect of the evidence. We cannot agree to this insistence. It was nothing more than stating that there was a dispute in the evidence, and no attempt whatever to charge upon its effect. The court was authorized to do this under the statute.— Code, 1896, § 3326; *Tidwell v. State,* 70 Ala. 44.

There is no error in the record and the judgment of the circuit court is affirmed.