# Coppin *v*. The State.

*Indictment for Adultery.*

1. *Establishment of bill of exceptions where term of presiding judge expires before bill signed.*—Where the official term of the judge who tried a cause ends before the expiration of the time allowed for signing the bill of exceptions, the party appealing from the judgment of the trial court has, under the statute (Code, § 622), the right to establish the bill of exceptions in the appellate court upon sufficient proof of its correctness.

2. *Evidence in criminal case; failure of defendant to object to question calling for illegal evidence.*—Where the defendant in a criminal case fails to object to a question calling for illegal or irrelevant testimony, he can not, after the witness has in his answer which is responsive to the question, testified to all the facts within his knowledge, then move to exclude such answer from the jury; and the rulings of the trial court in refusing such motion and overruling objections to such answer, do not constitute grounds for the reversal of the judgment.

3. *Evidence of good character; charge of court in reference thereto.*—In a criminal case, evidence of good character is sufficient to generate a doubt only when considered in connection with the other evidence in the case; and a charge which instructs the jury that "the good character of the defendant, in connection with the other evidence in the case, is sufficient to generate a doubt which may acquit the defendant," is erroneous and properly refused as giving undue prominence to the evidence of the defendant's good character.

4. *Charge in criminal case; when defendants jointly indicted tried separately.*—Where there are two defendants jointly indicted, and the record discloses that at the instance of one of them a severance was had and each of the defendants is tried separately, a charge which instructs the jury that the "failure of

[Coppin v. The State.]

one of the defendants or both to testify can not be considered to their disadvantage or be commented upon by counsel," is properly refused as being misleading and assuming that the two defendants were tried jointly.

5. *General affirmative charge in criminal case.*—On the trial of a criminal case, where there is sufficient evidence from which the jury can reasonably infer the guilt of the defendant as charged, the general affirmative charge requested by the defendant is properly refused.

6. *Adultery; failure to introduce co-defendant as witness does not justify unfavorable inference.*—On the separate trial of one of two defendants jointly indicted for adultery, the other defendant is a competent witness for either party, and being equally accessible to the State as a witness as to the defendant, no unfavorable inference or presumption arises against the defendant being tried for a failure to call his or her co-defendant as a witness. (TYSON, J., *dissenting*).

7. *Same; same; argument by prosecuting attorney before the jury.* On the separate trial of one of two defendants jointly indicted for adultery, it is not permissible for the prosecuting attorney in his argument to the jury to comment upon the failure of the defendant being tried to call his or her co-defendant as a witness; and the refusal of the court, on motion of the defendant, to restrain such argument and exclude such remarks of the solicitor, constitutes a reversible error. (TYSON, J., *dissenting*). ·

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. JAMES J. BANKS.

The appellant, Bill Coppin, was jointly indicted with Polly Brock for living in adultery. On motion there was a severance, and each of the defendants was tried separately. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

There were several exceptions reserved to the trial court's overruling the defendant's objection to testimony on the part of the State's witnesses. As shown by the bill of exceptions, none of the objections on the part of the defendant were interposed until after the witnesses had, in each instance, answered the questions propounded. There was no objection, as shown by the bill of exceptions, to the question eliciting the testimony objected to. The defendant introduced witnesses who testified about his general good character.

The bill of exceptions then contains the following recital: "During the progress of the argument the solicitor commented on the fact that Polly Brock, one of the defendants had failed to testify, and that if defendant had not been meeting her in the woods she could have shown it. To this the defendant objected and excepted, and asked the court to instruct the jury that the failure of the defendant Polly Brock to testify could not be commented upon, but the court refused to sustain the exception of the defendant as to so instruct the jury, and to this action of the court the defendant then and there in open court duly excepted."

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The good character of the defendant, in connection with the other evidence in the cause, is sufficient to generate a doubt which may acquit the defendant." (2.) "The failure of one of the defendants or both to testify can not be considered to their disadvantage or be commented on by counsel." (3.) "If the jury believe the evidence, they will find the defendant not guilty."

The cause was tried before the Hon. J. J. Banks, but before the preparation of the bill of exceptions, the term of the Hon. J. J. Banks as circuit judge had expired, and not having been re-elected, he declined to sign the bill of exceptions, being without authority thereto. In this court the defendant moved to establish the bill of exceptions, setting out in his motion the facts just stated, and submitting with said motion the affidavit of counsel that the facts were true.

EMMET O'NEAL, for appellant.—The defendant was entitled to the general affirmative charge.—*Hall v. State*, 53 Ala. 463; *Smith v. State*, 39 Ala. 554; *Collins v. State*, 14 Ala. 608; *Quartemas v. State*, 48 Ala. 269; *Brown v. State*, 108 Ala. 18.

The refusal of the court to restrain the argument of the prosecuting attorney before the jury in commenting upon the failure of the defendant to call his co-defendant as a witness, constitutes reversible error.—Code,

§ 5297; *Bates v. Morris,* 101 Ala. 282; *Cooper v. State,* 86 Ala. 610; *Crawford v. State,* 112 Ala. 1; *Jackson v. U. S.,* 149 U. S. 60; *Hunt v. State,* 28 Tex. 149; *Johnston v. State,* 20 S. W. Rep. 980; *Brazzell v. State,* 26 S. W. Rep. 723; *Richardson v. State,* 27 S. W. Rep. 130; *Dawson v. State,* 24 S. W. Rep. 414; *Yarbrough v. State,* 70 Miss. 593; *Foster v. State,* 45 Ark. 328.

CHAS. G. BROWN, Attorney-General, for the State.

TYSON, J.—The authority of the judge who tried the case to sign the bill of exceptions terminated with the expiration of his term of office. By express provision power is conferred upon this court to establish a bill of exceptions where the judge who presided at the trial of the cause, dies, resigns or is impeached, or if the term of his office expires within the time allowed by an order of the court in which the bill may be signed in vacation. Code, § 622. The bill of exceptions in this case was filed with the clerk of the circuit court within the time prescribed by the order of the court and there is no dispute as to its correctness. The motion to establish it is granted.

The method adopted by defendant's counsel in waiting until after the witness had fully deposed to all the facts within his knowledge and doubtless elicited by questions to which answers were responsive, and then moving to exclude either the whole of the witness' testimony or parts of it, is not to be commended as the proper practice to reserve exceptions. He should not and cannot be allowed to permit, without objection, his adversary to propound questions, elicit responsive answers from the witness and then, after the witness has been discharged, move to exclude the testimony in its entirety or a portion of it and procure a reversal of the cause in the event of a conviction should any fact disclosed in the testimony of the witness be illegal or irrelevant to the issue. This is the wildest sort of speculation and finds no lodgment in fair or impartial judicial proceedings.—*Billingsley v. The State,* 96 Ala. 126; *McCalman v. The State,* 96 Ala. 98; *Traylor v. The State,* 100 Ala. 142.

This doctrine in nowise impinges the general rule that

the "court may exclude illegal testimony at any stage of the trial."—1 Brick. Dig. 887, § 1190.

There is some want of harmony in our decisions upon this point, but the true rule seems to us to be, that if the question asked seeks to elicit illegal or irrelevant testimony and the answer is responsive, and the party against whom it is offered makes no objection, this is one of the exceptions to the general rule. In other words, the general doctrine is limited in its application to that class of cases where illegal testimony is offered against a party without his fault or without subjecting himself to the criticism of speculating upon the chances for a response favorable to him.—*Townsend v. Jeffries, Admr.*, 24 Ala. 329.

Charge No. 1 requested by defendant has been so often condemned by this court, that we must decline to enter into a discussion of its merits or demerits.—*Dabney v. The State*, 113 Ala. 38, and authorities there cited.

Charge 2 was misleading in assuming that Polly Brock was being tried jointly with the defendant. This was an unwarranted assumption of a fact which had no existence. On the contrary, the record discloses that at her instance a severance was granted.

Charge 3 was properly refused. There was sufficient evidence from which the jury could reasonably infer the guilt of the defendant as charged.—*Brown v. The State*, 108 Ala. 18; *Lawson v. The State*, 20 Ala. 65.

The remaining question grows out of the exception reserved to the comments of the solicitor. A majority of the court are of the opinion that the trial court should have excluded the remarks of the solicitor, and the refusal of the court to do so was error. They base their opinion for so holding upon the authority of *Polly Brock v. State*, 123 Ala. 24, which was an appeal from a judgment of conviction of Brock who was jointly indicted with this defendant but tried separately, from which decision the writer of this opinion dissented and expressed his dissent at some length. What I then said is applicable to this case and I will not now repeat it.

[Coppin v. The State.]

In addition to what I there said in my dissenting views I will here add, that the evidence in this case introduced by the State established the fact of the presence of the defendant in the house of Polly Brock on two different occasions, which was a house of known ill repute and their being in the woods together the day of their arrest and her frequent meetings with him in the vicinity of the Louisville & Nashville shops. The only evidence offered by the defendant was his general good character and his absence from Florence from March 11th to July 2d. All of which may have been true and yet not have materially controverted the facts established by the evidence introduced by the State, and I may say, did not as a matter of fact contradict them.

The objection to the remarks of the solicitor was based solely upon the ground "that the failure of Polly Brock to testify could not be commented upon." This may or may not have been true, dependent upon the solution of the question as to whether or not the defendant was called upon to explain or rebut the criminating circumstances by her who possessed peculiar knowledge of the facts and she was accessible to him. Her accessibility as a witness to the State does not legitimately enter into a consideration of the question. But conceding for the sake of argument that the opinion of the majority of the court states the rule correctly in holding that if Polly Brock was accessible to both parties then no presumption could be indulged against the defendant for failure to explain the criminating circumstances, yet it cannot be said with any degree of fairness that she was accessible to the State. The record discloses that she was jointly indicted with the defendant, and on motion a severance was granted and an order entered for their separate trial. It does not appear from the record whether she had been tried when the trial of the defendant was had, or whether she was still awaiting to be tried upon the charge against her. Assuming she was yet to be tried, which we cannot do without violating the rule that all presumptions must be indulged in favor of the correctness of the judgment of the lower court, it would have availed the State nothing to have offered to prove by her that she met the defendant in

the woods, since she could have refused to have answered the question as tending to incriminate her upon the same charge. For had she so testified the evidence so deposed to by her would have been competent against her upon the trial of her case. She was then an incompetent witness for the State, or perhaps to state the proposition more accurately her competency was dependent upon her volition. If she chose to testify to these criminating circumstances she could do so, or she could have refused to do so. No such consideration can be indulged, had she been called by the defendant if she could have honestly testified that the incriminating circumstances offered against the defendant had been untrue. She could have said they were untrue, and by so doing would not in any degree have tended to incriminate her or to have degraded her. His failure to have her to say that they were untrue, subjected him to the unfavorable inference which the jury was authorized to draw that she could not truthfully contradict them.

Polly Brock being present in court, accessible to the defendant and possessing peculiar knowledge of the facts, the defendant should have introduced her as a witness; failing in this respect, it is my opinion that the remarks of the solicitor were proper. See authorities cited in my dissenting opinion in case of *Brock v. The State*, 123 Ala. 24.

Reversed and remanded.