# Carter v. The State.

*Indictment for an Assault with Intent to Murder.*

1. *Witness; can not be impeached on immaterial matter.*—If a witness on cross-examination is interrogated as to matter wholly immaterial to any issue in the case, the party calling for such evidence is concluded by the answer of the witness, and can not impeach the witness by contradicting such answer.

APPEAL from the Circuit Court of Jackson.
Tried before the Hon. JAMES A. BILBRO.

The facts of the case are sufficiently stated in the opinion.

No counsel marked as appearing for appellant.

CHARLES G. BROWN, Attorney-General, for the State, cited 10 Ency. Pl. & Pr. 294-296; *Hester v. State,* 103 Ala. 88; 1 Greenleaf on Evidence, § 462; *Gilyard's Case,* 98 Ala. 59; *Smith v. State,* 92 Ala. 69.

HARALSON, J.—The defendant, Ed. Carter, was indicted for an assault on James Galloway, with intent to murder him. On the trial, he was found guilty of an assault, and fined $50.

James Galloway, the party assaulted, testified that the defendant cut him with a knife, and to facts tending to show that the assault was felonious. Other evidence was introduced by the State, corroborative of this witness' evidence, and tending to establish the guilt of the accused.

The defendant introduced one George Cabaniss as a witness, whose evidence tended to show, that the defendant was not present at the time the State's witness, Galloway, testified that the defendant cut him, and that he was not guilty of the alleged assault.

On the cross-examination of this witness, after testifying that "he was pretty full that afternoon," the solicitor for the State asked him: "Did you not tell Reuben Brown, about two weeks after the difficulty, on the roadside, near Thomas' saw mill, that Ed Carter (the defendant) told you he cut Jim Galloway, and showed you the knife with which he did it?" The witness answered "No."

After the defendant closed his evidence, the solicitor in rebuttal, called Reuben Brown as a witness, and asked him to "state whether or not George Cabaniss on the roadside, near Thomas' mill, two or three weeks after the difficulty, told him that Ed Carter, the next morning after the difficulty, told him (Cabaniss) that he, Ed Carter, cut Jim Galloway, and showed him a knife, saying 'here is the knife that did the work?' " De-

11c

fendant objected to this question on the ground that it called for illegal, irrelevant and hearsay evidence. The court overruled the objection, "and instructed the jury that the evidence would be received, not as evidence of the fact of the cutting, but as going only to the credibility of the testimony of the witness, Cabaniss, if the jury should believe he made such statements"; and to this ruling, the only one presented for review, the defendant excepted.

The attempt to impeach the credibility of the witness, Cabaniss, in the manner proposed on his cross-examination by the State, was as to matter wholly immaterial to the issue in the case, and purely hearsay as against the defendant, and was improperly allowed. If the witness had been asked, if defendant had not made such a statement to him, such an inquiry would have been relevant and material, and, if he had denied it, the witness, Brown, might have been called to contradict him, by showing that he had made such a statement to him at the time and place laid in the predicate. In such case, the impeachment would have been based on a matter relevant and material, and not on one which was immaterial. The rule is well settled, that if a witness on his cross-examination is interrogated as to a matter wholly immaterial to the issue, the party calling for the evidence is concluded by the answer, and cannot impeach the witness by contradicting it.—*Ortez v. Jewett*, 23 Ala. 662; *Seale v. Chambliss*, 35 Ala. 20; *Beall v. Folmar*, 122 Ala. 420.

Reversed and remanded.