# Central of Georgia Railway Co. *v.* Teasley.

## *Injury to Passenger.*

(Decided June 4, 1914. Rehearing denied June 24, 1914.
65 South. 981.)

1. *Carriers; Passengers; Complaint.*—Where the complaint fixed the date of the injury under a videlicet, plaintiff was not held to proof of the exact day fixed.

2. *Same; Evidence.*—Where the action was for the death of a passenger caused by a collision, the fact that a freight train ran into a box car at some time during the summer in which the accident to the passenger occurred, was irrelevant.

3. *Same.*—Where the undisputed evidence shows that the passenger received her injury, if she was injured, at P. while on a passenger train going to M. on the same day that a passenger train coming from M. was derailed near P., and a witness had testified that he remembered a train being off the track, questions as to whether he saw the train run into a car or anything on that day, apparently called for relevant testimony, and the answer that he saw a freight train back into another one, with a great deal of force, but did not know whether it was on that day or not, should have been stricken out on motion, although no objection was interposed.

4. *Trial; Evidence; Objection.*—Where a question apparently called for only relevant testimony, a party may move to exclude an irrelevant answer, although he failed to interpose objections to questions before the answers were made.

5. *Same.*—Where, in introducing evidence which was objected to, counsel assured the court that the testimony would be so connected as to make it relevant, and the court admitted it, but it was not made material by other evidence, defendant did not lose the right to move to exclude all the testimony because irrelevant, although he failed to object to each question as asked the witness.

6. *Evidence; Relevancy.*—Where a fact is sought to be proved by proving another fact, the latter fact must be such that the existence of a fact sought to be proved can be naturally and rationally inferred; a remote, speculative and uncertain connection between the facts proved and the one sought to be inferred not being sufficient.

7. *Appeal and Error; Review; Discretion.*—Where a question to a witness seeks irrelevant or illegal testimony and no objection was made to the question, and the answer is responsive, a motion to exclude the answer is addressed to the sound discretion of the trial court whose action will not be reviewed on appeal.

8. *Same; Presumption.*—While a jury is entitled to receive irrelevant evidence offered by the parties, the court should not admit any

[Central of Georgia Railway Co. v. Teasley,]

irrelevant or illegal evidence, and where such evidence is offered and admitted, it will be presumed that the jury considered it.

9. *Same; Harmless Error; Evidence.*—Where witnesses testified that the car in which the passengers were riding received a mighty jar, and other witnesses testified that there was no unusual jar, error in refusing to strike out testimony that a freight train broke open a box car some time during that summer was prejudicial.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Charles B. Teasley as administrator of the estate of Ellen Benson, deceased, against the Central of Georgia Railway Company for damages for the death of his intestate, while a passenger. Judgment for plaintiff and defendant appeals. Reversed and remanded.

STEINER, CRUM & WEIL, for appellant. Count 2 was subject to the demurrer.—*B. R. L. & P. Co. v. Grover,* 159 Ala. 276. The testimony of Cochran was clearly irrelevant, and the fact that counsel did not connect it as promised, rendered it subject to motion to strike at any time.—*So. I. Co. v. Action,* 62 South. 403. The action of the court relative to such evidence did not cure its admission.—*Pace v. L. & N.,* 166 Ala. 519; *Bir. R. L. & P. Co. v. Beck,* 1 Ala. App. 291.

HILL, HILL, WHITING & STERN and W. T. SEIBELS, for appellee. The complaint was not subject to demurrer. The court did not err in admitting Cochran's testimony, as it properly limited the same in its instructions to the jury, and defendant failed to interpose any objections thereto.—*Ryerson v. Moyer,* 63 South. 13; *Adair v. Stovall,* 148 Ala. 465; *McNeel v. Munson S. S. Line,* 62 South. 459; *Gamble v. Cooper,* 159 Ala. 637; *L. & N. v. Banks,* 132 Ala. 38 Cyc. 1344.

DE GRAFFENRIED, J.—In the first count of the complaint the plaintiff alleges that his intestate, Ellen

Benson, "was a passenger of the defendant on one of its cars in said county at or near Pike Road, Ala., and the defendant then and there so negligently conducted its said business that by reason thereof, and as a proximate result and consequence thereof, the said Ellen Benson received personal injuries, from which she died," etc. In the second count he alleges that his said intestate was a passenger on one of defendant's cars "in said county at or near Pike Road, Ala., and then and there the agent, servant, or employee of the defendant, while acting within the line and scope of his employment, negligently ran or caused to be run with great violence a car or engine upon or against the car upon which plaintiff's said intestate was as aforesaid, and by reason thereof, and as the proximate result and consequence thereof, plaintiff's said intestate received personal injuries which caused her death," etc. In each count of the complaint the time of the alleged injury is fixed as of, to wit, June 29, 1912. To the above two counts the plaintiff pleaded the general issue and contributory negligence. There was a jury and a verdict for the plaintiff, and from the judgment of the court following the verdict the defendant appeals.

(1) We direct attention to the fact that, under a videlicit, the injuries of the plaintiff were fixed in the complaint as having occurred on June 29, 1912. The plaintiff was therefore not held to proof as to the exact day. We also direct attention to the fact that in the second count of the complaint it is alleged that Ellen Benson, while a passenger of the defendant, was injured because a servant or agent of the defendant, acting in the line of his employment, negligently ran or caused to be run with great violence a car or engine *upon or against* the car upon which plaintiff's intestate was," etc. We also state that the undisputed evidence showed

that the plaintiff's intestate, if injured by the defendant, received her injuries at Pike Road while on a passenger train which was coming *to* Montgomery on the same day that a passenger train going *from* Montgomery was derailed near Pike Road, and shortly *after* the derailed train had been *re-railed* by the aid of the locomotive which was bringing, and which actually brought, the passenger train on which plaintiff's intestate was a passenger to Montgomery. We deem it appropriate to make the above statements in order that the *pith* of what is said below may plainly appear.

(2) The first witness introduced by the plaintiff was John J. Cochran. He testified that he was at Pike Road in June, 1912, and was there every day; "that he remembered the occurrence of a train being off the track between Pike Road and Montgomery; that he did not know that he saw any other train that day except the train off the track." The plaintiff's attorney then asked him the following question:

"To the best of your recollection did you see a train run into a *car* or anything on *that day?*"

The witness answered:

"I saw a freight train back into another one with a great deal of force, but whether it was that day or not, I do not know."

When the above question was asked there was nothing in its form or in its substance to indicate to the court or to the defendant that it called for irrelevant testimony. The plaintiff had, just before asking this question called the attention of the witness to these matters which all the parties regarded as of importance in this case, viz., to Pike Road, to the month of June, 1912, and to the derailment of a passenger train near Pike Road. The second count of the complaint alleged that the plaintiff's intestate received her injuries be-

cause a servant or agent of the defendant had negligently "run or caused to be run a car or engine upon or against the car" which plaintiff's intestate was occupying as a passenger. This question called for the witness' recollection as to whether he, *on that day,* saw a car run into *another car.* The court and counsel for the defendant had a right to presume that in asking the question the plaintiff was referring to the res gestæ of the alleged injury, and that the reply of the witness would be germane to the question under investigation. In fact, while the witness, in answering the question, stated that he had seen a "freight train back into another with a great deal of force," he shows by his answer that he had *no* recollection as to whether *this* occurred on the *particular* day or not.

The defendant, in failing to interpose an objection to the above question, *as it apparently sought only relevant testimony,* was without fault in not objecting to it before the witness answered it, and we do not think that by its failure to so object the defendant subjected itself to the criticism of speculating upon the chances for a response favorable to it.—*Coppin v. State,* 123 Ala. 58, 26 South. 333. "There is some want of harmony in our decisions upon this point, but the true rule seems to us to be that if the question asked seeks to elicit *illegal* or *irrelevant* testimony, and the answer is *responsive,* and the party against whom it is offered makes no objection (to the question before it is answered) this is one of the exceptions to the general rule," and in such a case a motion to exclude such an answer is within the sound discretion of the trial judge, and his action in the premises will not be reviewed on appeal.—*Coppin v. State, supra.*

In the instant case, immediately after the witness had answered the above question, in the language above

[Central of Georgia Railway Co. v. Teasley.]

stated, the defendant moved the court, upon appropriate grounds, to exclude the said answer of the witness from the jury. The court overruled the objection, and the defendant duly excepted and, for the reasons above stated, we are of the opinion that the defendant properly reserved the point for our consideration.

(3) We are inclined to the opinion that the trial judge recognized the above rule when he overruled the defendant's motion to exclude the above answer. The bill of exceptions, after reciting the defendant's motion to exclude and the grounds of the motion, contains the following: "But the plaintiff's counsel stated that they would connect it up by other witnesses' testimony, and thereupon the court overruled the defendant's motion to exclude said testimony."

The entire testimony of the witness, John J. Cochran, related to this *freight train*, and this train was in no way shown to have had any connection with the injury of plaintiff's intestate, and all of it was plainly admitted by the court upon the statement of plaintiff's counsel that the plaintiff would "connect it up by other witnesses' testimony." The court not only had a right to rely upon this statement, but counsel for defendant also had a right to rely upon it and allow the examination of the witness to proceed upon the *particular subject* which plaintiff's counsel had stated that they would "connect up by other witnesses' testimony" without interposing to each question propounded to the witness a specific objection. Each question propounded about this freight train, *coupled* with the statement of counsel for plaintiff that they would "connect it up by other witnesses' testimony," called, not for *irrelevant* or *illegal* testimony, but for *legal* and *relevant* testimony. When, therefore, the plaintiff closed his case *without* "connecting up" the testimony of John J. Cochran, the

defendant had a right to move to exclude his testimony and each separate part of it. The defendant cannot be held to have speculated in any way because it failed to object to each question asked Mr. Cochran, because it had a right, under the statement of plaintiff's counsel, to treat each question so asked as calling for relevant testimony. The questions propounded to Mr. Cochran are set out in the record, and those questions called for legal testimony, provided the answers of the witness had been "connected up" by the testimony of other witnesses. We do not think, therefore, that the defendant lost anything by its failure to object to each question which was propounded to Mr. Cochran by the plaintiff before the question was asked.—*Coppin v. State, supra.*

(4) We have made a painstaking examination of the bill of exceptions in this case, and we fail to see any connection whatever between the evidence of Mr. Cochran with reference to the freight train and the damage it did "some day last summer," i. e., the summer of 1912, and the injury which, it is alleged, the plaintiff suffered while a passenger on one of the defendant's trains while at Pike Road on, to wit, June 29, 1912. A mere "guess" is not such a legal conclusion as the law authorizes a jury to fix as a basis upon which to found a verdict. The inference that the crash of the freight train into the box car which was broken open by the force of the impact, a thing which occurred *sometime* during the summer of 1912 at Pike Road, had the slightest connection with the injury of plaintiff's intestate at that point while a passenger on a passenger train on, to wit, June 29, 1912, is too speculative and uncertain to admit of entertainment in a court where the rights of parties are to be determined by relevant evidence and legal substantial inferences, flowing naturally and rationally from such relevant evidence. When the existence of a

fact is sought to be established by *proving another* fact, the *fact so proven* must be a fact from which the *existence* of the *fact sought to be proven* can be *naturally and rationally* inferred or presumed.—Jones on Evidence (2d Ed.), page 111, § 104.

A *remote, speculative and uncertain* connection between the fact and the one sought to be inferred is insufficient.—Jones on Evidence (2d Ed.) supra.

(5) The trial judge in this case overruled the motion of the defendant to exclude the evidence of Mr. Cochran with reference to the freight train. The court left that testimony before the jury with the following instructions: "I will limit the testimony of Mr. Cochran with respect to the box car to the sole question as to whether it sheds light upon the question at issue here as to the jerking of the car in question. Of course, gentlemen, whether the car had lumber in it and whether the lumber fell out had nothing to do with this case, further than the question as to whether or not that was the car which gave the jerk of which this administrator complains. It is limited to that question."

For the reasons above stated we are of the opinion that the said testimony of Mr. Cochran was admissible for no purpose, and that the trial judge should have granted the defendant's motion to exclude it.

(6) We are not able to affirm that the above error of the trial judge was without injury to appellant. When a case is tried by a jury, the jury is entitled to receive, for their consideration, the relevant evidence offered by all the parties. They are entitled to receive *no* irrelevant or illegal evidence offered by any of the parties. It is essential in such a trial that the jury shall have the relevant facts. It is also essential that they shall have no irrelevant or illegal facts unless, indeed, the parties are willing for them to have such facts. "Jurors know,

or should know, that no evidence goes before them which is not for their consideration, and, where irrelevant evidence is admitted against a party to a cause, against his objection, a juror who is not accustomed to make nice distinctions may well feel that such evidence is not only material, but that its tendencies are hurtful to the party against whom it is offered."—*Coffman v. Louisville & N. R. Co.*, 184 Ala. 474, 63 South. 527.

In this case some of the witnesses for the plaintiff testified that at the time of the alleged injury to the plaintiff's intestate the car in which they were sitting received a "mighty jar." By allowing Mr. Cochran's testimony to remain before the jury the trial judge, in effect, permitted the jury to engage, *with his express sanction,* in considering—and for aught we know in adopting as a fact—the remote and uncertain contingency that the freight train which broke open the box car some time during the summer of 1912, also caused the "mighty jar" which some of the witnesses claimed the passenger coach received on, to wit, June 29, 1912. When it is remembered that the defendant's witnesses testified that there was no unusual "jar" at the time of the alleged injury the dangerous tendency of the testimony under discussion becomes apparent. If the freight train about which Mr. Cochran testified had any connection with the alleged injury of the plaintiff's intestate, no fact from which such an inference could be legally drawn was introduced in evidence.

It follows from what we have above said that in our opinion, in refusing to grant the motion of the defendant to exclude from the jury the evidence of Mr. Cochran with reference to the freight train, the trial judge committed an error for which the judgment of the court

[Montgomery Light & Traction Co. v. King.]

below must be reversed, and a new trial awarded the defendant.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.