(75 South. 702)

HAIRRELL v. STATE. (8 Div. 453.)

(Court of Appeals of Alabama. May 29, 1917. Rehearing Denied June 15, 1917.)

1. HOMICIDE ⊜158(1)—EVIDENCE—THREATS.

Where the state undertakes to prove threats made by the defendant against the party assaulted, it may properly ask witness what the defendant said in the nature of a threat in order to limit his answer to relevant matter.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 293.]

2. HOMICIDE ⊜158(3) — RELEVANCY — THREATS.

Where it had been shown that the defendant and the husband of the party assaulted had had a recent difficulty, the court properly allowed the witness for the state to testify that the defendant had said that, "If I have to leave the county, I am going to leave for something."

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 295.]

3. HOMICIDE ⊜158(1)—EVIDENCE—THREATS.

On a trial for assault to murder, the state may prove threats made by the defendant during a difficulty between him and the husband of the party assaulted and where they were made.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 293.]

4. WITNESSES ⊜396(1)—INCONSISTENT STATEMENTS.

Where it was shown that a witness for the state had made an inconsistent statement at a

---

former trial, it was proper to ask him at whose instance he made the former statement.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1261, 1262.]

5. CRIMINAL LAW ⬧⟾1169(1)—EVIDENCE.

The admission of evidence that a witness for the state was induced to give different testimony at a former trial by a person not connected with the defendant was not prejudicial to him.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3130, 3137.]

6. WITNESSES ⬧⟾394—CONTRADICTION.

The state may show by one of its witnesses that he did not make the statement testified to by a witness for the defendant.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1258, 1259.]

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Hulet Hairrell was convicted of assault to murder and appeals. Affirmed.

Mitchell & Hughston, of Florence, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

SAMFORD, J. The defendant was indicted, tried, and convicted of an assault to murder one Mattie Phillips, and from a judgment of conviction he appeals.

[1, 2] On the trial of the case, the evidence being largely circumstantial, the state undertook to prove threats made by the defendant against the party assaulted; and on the direct examination of the witness Skinner, the solicitor asked this question, "What did he say in the nature of a threat?" This question was permissible. It sought to limit the answer of the witness to relevant matter, to the exclusion of an entire conversation, which on direct examination would have been irrelevant. The witness answered:

"I don't know whether you would call it a threat against Mr. Phillips or not; he just remarked, 'If I have to leave the county, I am going to leave for something.'"

The defendant moved to exclude this answer, the court overruled the motion, and the defendant excepted. This motion was properly overruled. It having been shown that the defendant and Phillips had had a recent difficulty, it became a veiled threat that the jury was warranted in finding referred to Mrs. Phillips.

[3] There was no error in permitting the state to prove the threats made by the defendant during the difficulty between him and Phillips; and it was perfectly proper to permit the state to show that the defendant went into the Phillips house in order to show where the threat was made.

[4, 5] Gilbert Rutherford, a witness for the state who testified one way on the trial and admitted that he had testified contrary at a former trial, was asked who caused him to make the first statement, and answered "Will Frank," who was not shown to be connected with the defendant. The question was perfectly proper, and the answer did not and could not injure the defendant.

Brindley v. State, 193 Ala. 43, 69 South. 536, Ann. Cas. 1916E, 177.

[6] It was certainly competent for the state to prove by the witness Phillips that he did not make the statement testified to by the witness Webb. We know of no rule that forbids the contradiction of testimony set out in showings for witnesses, except that the testimony in a showing cannot be impeached by proof that the witness made a different statement at another time and place, unless the proper predicate is set out in the showing.

There is no error in the record, and the judgment is affirmed.

Affirmed.