163 So. 463

## WILLIAMS v. STATE.

8 Div. 49.

Court of Appeals of Alabama.
June 25, 1935.

Rehearing Denied Oct. 8, 1935.

Wm. L. Chenault, of Russellville, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The defendant, with two others, was indicted and charged with robbery. The

556

facts tending to prove the corpus delicti are undisputed and as a matter of law, if believed by the jury beyond a reasonable doubt, constitute the crime as laid in the indictment.

The defendant by way of defense pleads an alibi. The question, therefore, becomes one of identity. The state's witness Norris, who was the party alleged to have been robbed, identifies the defendant as being one of the three parties who robbed him on the night of July 5, 1932. There was some evidence tending to corroborate the testimony of Norris. Per contra, there were several witnesses who testified to a complete alibi for the defendant. The evidence being in conflict, the question was for the jury and was submitted to them under proper instructions from the court.

We have examined every exception reserved by defendant on the trial. None of them constitute reversible error.

The solicitor in his argument to the jury stated the names of the witnesses who appeared before the grand jury and whose names appeared on the back of the indictment as witnesses. This statement of the solicitor was objected to by defendant, the objection overruled, the court stating: "The law, Mr. Chenault, as I understand it directs that the names of the parties that go before the grand jury shall be endorsed on the back of the indictment. That would be prima facie evidence before them. It wouldn't be absolutely a fact." There is no law requiring the names of witnesses appearing before the grand jury to be indorsed on indictments returned, and when such endorsements are made there is no presumption that such witnesses appeared and testified, and the solicitor should not have referred to the fact that the names appeared on the indictment; but the fact as to who appeared before the grand jury in this case is so foreign to any issue involved, that we fail to see how the defendant could be injured thereby.

There is no reversible error in the record, and the judgment is affirmed.

Affirmed.