171 So. 254

### KING v. STATE.

2 Div. 80.

Supreme Court of Alabama.

Dec. 3, 1936.

199

Pitts & Pitts, of Selma, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

KNIGHT, Justice.

The appellant was indicted by a grand jury of Dallas county for the offense of murder in the first degree, and upon his trial under said indictment in the circuit court of said county he was convicted of murder in the first degree, and his punishment fixed by the jury at death. From the judgment and sentence, following the verdict of the jury, the defendant has prosecuted the present appeal.

The record proper, which we have carefully examined, discloses no errors. It appears from the record that the indictment is in due form of law, properly authenticated by the signature of the foreman of the grand jury; that the defendant was duly and legally arraigned in open court upon the indictment; that he pleaded not guilty thereto; that a day was set for his trial; and that a special venire was duly drawn and summoned for the trial of the cause. It further appears that at each successive step taken in the cause by the court the defendant was personally present, and attended by counsel. No objections were interposed to the indictment, or to the arraignment, or to the special jury drawn and summoned for the trial of the defendant.

But few exceptions were reserved by the defendant on the trial of the cause, and such as were reserved are without merit.

On the examination of Louise La Shore, a witness for the State, she testified in part on cross-examination by defendant's counsel as follows: "I heard Allen tell Will

that if my chickens go in your father's yard he can kill them. I do not remember whether anyone passed in front of our house while they were talking or not. Columbus Lockett was in the kitchen of our house. He was not on the porch. I do not know whether he came out on the porch after the shooting or not, but I do know he did not come out while the argument was going on. At the hospital, immediately after the shooting and while my husband was there, on the night he was shot, I made a statement about how the shooting took place. The young man was present (pointing to one of the defense counsel). He took down my statement and read it over to me."

Thereupon counsel for defendant propounded the following question to the witness: "In that statement, didn't you say that Columbus Lockett was in bed?" The court sustained the State's objection to this question, and the defendant duly reserved an exception to this ruling of the court. Immediately following this ruling by the court, the witness testified: "When I first went out on the porch he (referring to Columbus Lockett) was lying in bed. I do not know where he was after that."

The question called for patently immaterial and irrelevant testimony, in view of the fact that the party inquired about, Columbus Lockett, was not a witness in the case, was not present when the difficulty occurred, and was not a participant in any way in the difficulty, had no connection in the remotest degree with it. The whereabouts, therefore, of said Columbus Lockett was wholly immaterial to any issue. If the question was asked for the purpose of laying a predicate for the impeachment of the witness, it is only necessary to observe that a witness may not be impeached by showing that he has made contradictory statements about immaterial matters. Carter v. State, 133 Ala. 160, 32 So. 231; Beall v. Folmar Sons & Co., 122 Ala. 414, 420, 26 So. 1; Parnell v. State, 129 Ala. 6, 29 So. 860; Moore v. Holroyd, 219 Ala. 392, 122 So. 349.

The remaining exceptions reserved by defendant relating to the admission and exclusion of testimony do not even approach merit, and a discussion of the same is wholly unnecessary.

The court committed no error in refusing defendant's requested written charges numbered 1 and 2 in the record.

Charge 1 was covered substantially in the court's oral charge, and was therefore refused without error. Catanzano v. Jackson, 198 Ala. 302, 73 So. 510; Louisville & N. R. Co. v. Johnson, 204 Ala. 150, 85 So. 372; American Ry. Express Co. v. Judd, 213 Ala. 242, 104 So. 418.

Charge 2 was, to say the least of it, involved and incomplete, entirely omitting all reference to the doctrine of retreat. No matter how great was the peril of the defendant, the law requires him to retreat rather than to take the life of his adversary, if there was a convenient mode of retreat without increasing his peril, or apparent peril. To excuse a failure to retreat, it is necessary that defendant's peril would be increased, or that it reasonably appeared that it would be increased by retreat. Stoball v. State, 116 Ala. 454, 23 So. 162; Bell v. State, 115 Ala. 25, 22 So. 526.

The foregoing disposes of all questions presented for review here, except the propriety of the court's action in refusing to set aside the verdict, and to grant defendant a new trial. With respect to this ruling of the court it only remains to be said that the evidence tended to show that the defendant was guilty of murder in the first degree without a single mitigating or extenuating circumstance. The evidence was not only sufficient to carry the case to the jury, but was amply sufficient to sustain the verdict finding the defendant guilty of murder in the first degree. The court overruled defendant's motion, as for any grounds assigned, without error.

Finding no reversible error in the record, it follows that the judgment of the circuit court must be, and is, affirmed.

And, it appearing that the date set for the execution of appellant having passed, pending this appeal, it is ordered that Friday, January 29, 1937, be, and the same is hereby, fixed for the execution of the death sentence pronounced upon the defendant by the circuit court of Dallas county.

Affirmed.

All the Justices concur.