73 So.2d 916

**SMITH v. STATE.**

**7 Div. 141.**

Supreme Court of Alabama.

June 30, 1954.

Rogers, Howard & Redden, Birmingham, and Starnes & Holladay, Pell City, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

CLAYTON, Justice.

Appellant, L. V. Smith, was convicted of murder in the second degree and his sentence fixed at 25 years in the penitentiary. It is undisputed that while standing on his truck, loaded with seed cotton, appellant shot and killed Donald Hamby with a shotgun. Hamby was standing on the ground nearby. Appellant and his witnesses testified that at the time of the shooting, Donald Hamby was pointing an automatic pistol at appellant and was moving his thumb up and down the side, apparently in an effort to release the safety. Witnesses for the state contradicted this testimony and said that deceased had no pistol at the scene of the homicide.

The trial consumed the better part of a week and was bitterly fought by skilled counsel on both sides, giving rise to a lengthy transcript and many assignments of error. Although we have carefully considered all assignments and have read the record at length, we will respond to only such assignments as the circumstances of the case indicate, and which probably might arise on another trial.

Charges refused to appellant were either patently faulty or not applicable, or were adequately comprehended within the oral charge or the 57 written charges given at appellant's request; and we do not lengthen this opinion with a detailed treatment of them.

Counsel for appellant cite numerous instances of an objectionable question having been asked by the prosecution and withdrawn after the possible import thereof had been called to the jury's attention by the question itself; also to many critical and accusing remarks of counsel for the state, directed towards counsel for defendant during the course of the trial such as "this may be a small matter to him, this boy's guts being blown out, but it is not to me. That

is my idea about it"; also to requests or statements made by the prosecution during the trial which challenged or called on defendant to waive a legal right, such as, asking defendant to agree for the jury to view a truck parked near the courthouse after the court had ruled that the jury might not do so; also to statements made by the prosecution in argument to the jury calculated to prejudice them against defendant. And appellant seriously and vigorously argues that the cumulative effect of these prejudicial questions and statements even though withdrawn or excluded in many instances was to create an atmosphere of bias and prejudice in which the jury could not pursue its deliberation of the relevant issues and testimony unimpeded. For this reason appellant's counsel insists upon reversal of the cause based upon the decision of this court in Blue v. State, 246 Ala. 73, 19 So.2d 11, and authorities therein cited. However, we prefer to leave this question undecided and to rest our decision upon other points, in view of the probability that many of these matters may not recur on another trial of the cause, and the likelihood that upon another trial an entirely different overall picture may be presented.

We now consider in detail points raised by appellant: The father of the deceased testified that he and his wife were the only persons who appeared as witnesses before the grand jury prior to the return of the indictment in this case. Counsel for appellant referred to this testimony in his arguments to the jury, whereupon the solicitor made the following statement:

> "We object to that statement, if the court please, I am not at liberty to state who came before the Grand Jury although it is my recollection that the Hambys did state that they were the only ones, but there is no testimony in this record that the Hambys were the only ones that were before the Grand Jury and I have stated repeatedly, if the Court please, that they were not the only two."

Counsel for appellant objected to this statement by the Solicitor as being a statement of fact not supported by the evidence and assigned as grounds for reversal the court's action in overruling defendant's objection. The rule in such cases is stated by this court in the opinion by Stone, J., in the often quoted case of Cross v. State, 68 Ala. 476, 484:

> "The statement must be made as of fact; the fact must be unsupported by any evidence, must be pertinent to the issue, or its natural tendency must be to influence the finding of the jury; or the case is not brought within the influence of this rule."

It has been decided in Alabama that the question as to who appeared before the grand jury is not pertinent to the issues in the case on trial before the petit jury and is not a matter having a natural tendency to influence the finding of the jury. In the opinion of our Court of Appeals in the case of Williams v. State, 26 Ala.App. 555, 556, 163 So. 463, in a somewhat analogous situation appears the following:

> "There is no law requiring the names of witnesses appearing before the grand jury to be indorsed on indictments returned, and when such endorsements are made there is no presumption that such witnesses appeared and testified, and the solicitor should not have referred to the fact that the names appeared on the indictment; but the fact as to who appeared before the grand jury in this case is so foreign to any issue involved, that we fail to see how the defendant could be injured thereby."

Likewise, in the case under consideration, the statement gratuitously injected into the argument by the solicitor as to who appeared before the grand jury was entirely extraneous to any issue involved and should not have been made. But it did not have a natural tendency to influence the finding of the jury. Williams v. State, supra.

Although being a statement of fact unsupported by the evidence, not being pertinent to the issue of defendant's guilt and not having a natural tendency to influence

the finding of the jury, it fails to meet the requirements of the rule for reversal of the cause. Cross v. State, supra; Alabama Power Co. v. Goodwin, 210 Ala. 657, 659, 99 So. 158; Gibson v. State, 193 Ala. 12, 21, 69 So. 533; Mobile J. & K. C. R. R. Co. v. Bromberg, 141 Ala. 258, 284, 37 So. 395; Lide v. State, 133 Ala. 43, 62, 31 So. 953.

Another basis argued by appellant for reversal was the impeachment of a number of his witnesses on immaterial matters. Mrs. Ford, a witness for the defendant, was asked on cross-examination by the state if she did not accompany Mrs. L. V. Smith (wife of appellant) to the home of Mrs. Jackson (a witness for the state), and if at that time and place, Mrs. Smith didn't ask Mrs. Jackson to swear that Donald Hamby, the deceased, had a pistol and if at that time Mrs. Jackson said: "No, I will not swear that he had a pistol, because I didn't see a pistol." After defendant's timely objection was overruled, the witness answered that she didn't know anything about it. The state then in rebuttal was allowed to ask Mrs. Jackson the following question: "Tell these gentlemen whether or not three or four days before the preliminary trial, Mrs. L. V. Smith and Mrs. Troy Patterson came to your house on the morning of that day—Mrs. Troy Ford, I mean, if they didn't come to your—state whether or not they came to your home in the morning of that day three or four days before the preliminary trial, and if Mrs. Smith, Mrs. L. V. Smith, didn't say to you, will you swear that Don Hamby had a pistol, and if you didn't reply, I will not swear he had a pistol because I didn't see it." Her answer was in the affirmative. Mrs. L. V. Smith was not a witness in the case and could not be impeached.

In the case of Davis v. State, 188 Ala. 69, 68, 66 So. 67, 70, this court stated:

> "The testimony of Jeff Williams, a witness for defendant, to the effect that Howard had asked him to testify that the knife belonged to the defendant, which he refused to do, could have been admissible only to impeach Howard by showing his interest and activity in the prosecution. But Howard did not testify, and so was not the subject of impeachment."

The effect of the question was to impeach defendant's witness Mrs. Ford on an immaterial matter, which is not allowable. King v. State, 233 Ala. 198, 171 So. 254; Blair v. State, 211 Ala. 53, 99 So. 314; Carter v. State, 133 Ala. 160, 32 So. 231; Jones v. State, 31 Ala.App. 378, 17 So.2d 545.

A different rule applies to the admission of testimony tending to impeach defendant's witness J. B. Walters. In two instances he was asked, on cross-examination, about alleged attempts by him to influence testimony of other witnesses in the case on trial. One related to a certain statement alleged to have been made by him in conversation with Mrs. Jackson at a filling station, regarding her testimony in this case, and another to his calling a group of witnesses together on the Court House lawn and making a statement instructing them to testify that it was raining on the morning of the killing. After he denied making the statements, Mrs. Jackson was allowed, over defendant's objection, to testify that he did make such statements. In this there was no error for the reason that the questions and contradictions affected the credibility of the witness in the particular case on trial, as distinguished from his general credibility. Bullard v. Lambert, 40 Ala. 204; Lewis v. State, 35 Ala. 380; Whitsett v. Belue, 172 Ala. 256, 54 So. 677; Hairrell v. State, 16 Ala.App. 110, 75 So. 702, certiorari denied 200 Ala. 698, 76 So. 996.

During the course of argument to the jury by defendant's attorney, he held in his hand an automatic pistol which had been identified by defendant's witnesses as having been in possession of deceased when he was killed, and which had properly been admitted into evidence, and invited the jury's inspection and manipulation of the safety thereon upon their retirement to deliberate the case. The trial court sustained the state's objection to this argument. The pistol was properly in evidence and the operation of its safety was a highly material matter for the jury's consideration. It was er-

ror to sustain objection to this argument of defendant's counsel. Fuller v. State, 147 Ala. 35, 41 So. 774; Mitchell v. State, 114 Ala. 1, 22 So. 71; Thorne v. State, 21 Ala. App. 57, 105 So. 709.

As part of his defense, defendant introduced into evidence a pistol which defendant's witnesses testified as having been in possession of and displayed by deceased at the time he was shot and killed by appellant. Prosecution witnesses had testified that deceased was unarmed on the occasion. This posed for the jury to decide in arriving at a verdict whether on this occasion the deceased was armed with the particular pistol introduced in evidence by the defendant. Counsel for the prosecution was then permitted over objection of defendant to introduce in evidence another pistol which the wife of deceased said she found subsequent to the homicide on the closet shelf in the home of deceased in Birmingham. This is some distance away from the scene of the tragedy and in a different county. Deceased farmed in St. Clair County, where the homicide occurred. There was testimony that deceased was the owner of this second pistol, which in no way entered into the res gestae of the homicide.

The only purpose which the prosecution could have had in offering this second pistol in evidence was to negate possession by deceased, at the time of the homicide, of the pistol offered in evidence by defendant.

This court in the case of Williams v. Wilson, 210 Ala. 289, 291, 97 So. 911, 913, said:

"When, in the reasoning process, the trior of fact has reached a fair conclusion on one phase of the evidence, this conclusion may be used as a premise in passing upon other evidence; but one presumption cannot be based wholly on another presumption."

Likewise, in the case of Southeastern Greyhound Lines v. Berrie, 31 Ala.App. 178, 180, 181, 13 So.2d 696, 698:

"Nothing seems more clearly established by the decisions of our Supreme Court than that one fact cannot be inferred from another fact, which itself is but an inference. * * *

"As was said by Mr. Justice Brown for our Supreme Court, in the opinion in the case of Atlantic Coast Line R. Co. v. R. L. Cooper Lumber Co., 219 Ala. 484, 122 So. 661, 662: 'It is a well-established rule that an inference cannot be grounded upon another inference. "The fact used as the basis of the inference, the terminus a quo, so to speak, must be established in a clear manner, devoid of uncertainty." * * * "To hold that the fact thus inferred or presumed at once becomes an established fact, for the purpose of serving as a base for a further inference or presumption, would be to spin out the chain of presumptions into the regions of the barest conjecture." See, also, United States v. Ross, 92 U.S. 281, 23 L.Ed. 707; Atchison, Topeka & Santa Fe R. Co. v. Baumgartner, Adm'r, 74 Kan. 148, 85 P. 822, 10 Ann. Cas. 1094, and note, page 1096, where the cases are collected.' "

This court in the case of Central of Georgia Railway Co. v. Teasley, 187 Ala. 610, 616, 617, 618, 65 So. 981, 983, had this to say:

"When the existence of a fact is sought to be established by proving another fact, the fact so proven must be a fact from which the existence of the fact sought to be proven can be naturally and rationally inferred or presumed. Jones on Evidence (2d Ed.), page 111, § 104.

"A remote, speculative and uncertain connection between the fact and the one sought to be inferred is insufficient. Jones on Evidence (2d Ed.) supra.

* * * * * *

"* * *. When a case is tried by a jury, the jury is entitled to receive, for their consideration, the relevant evidence offered by all the parties. They are entitled to receive no irrelevant or illegal evidence offered by any of the parties. It is essential in such a trial

that the jury shall have the relevant facts. It is also essential that they shall have no irrelevant or illegal facts unless, indeed, the parties are willing for them to have such facts. 'Jurors know, or should know, that no evidence goes before them which is not for their consideration, and, where irrelevant evidence is admitted against a party to a cause, against his objection, a juror who is not accustomed to make nice distinctions may well feel that such evidence is not only material, but that its tendencies are hurtful to the party against whom it is offered.' Coffman v. Louisville & N. R. Co. [184 Ala. 474], 63 So. 527."

A case almost identical to the instant one is Parker v. Commonwealth, 96 Ky. 212, 28 S.W. 500, 501, in which the Court of Appeals of Kentucky, said in its opinion:

> "The principal ground for reversal is incompetent testimony which, at the instance of the commonwealth, and over objection of defendant, the lower court permitted to go to the jury. The particular testimony complained of is that of *Mrs. Connellee, widow of the man killed, who stated her husband had, while hunting for accused, a pistol at home,—a small pistol; and, in her words, 'he didn't carry this pistol (exhibiting it to the jury) during the week he was looking for Parker'*; also that of S. T. Connellee, Sr., his father, who stated his son was not in the habit of carrying pistols. * * * *But if deceased did not draw or have a pistol when shot, the testimony of accused was false, and the killing inexcusable. Therefore, if the evidence in question be incompetent, he was substantially prejudiced thereby.*" [Emphasis supplied.]

The natural reaction of the jury in the case at bar was to feel that the trial court admitted the second pistol in evidence for the reason that it served to negative possession of another pistol by deceased on the day he was killed. This is not allowable. After proof of the fact that the second pistol was in Birmingham, a jury could very properly infer that this identical pistol was not in the possession of the deceased at the time he was killed. But, based upon this inference, a further inference that deceased when killed, did not have in his possession another pistol in St. Clair County is violative of the reasoning contained in the above quoted cases and improper. Accordingly, the admission in evidence of the pistol offered by the prosecution was error. Williams v. Wilson, supra; Southeastern Greyhound Lines v. Berrie, supra; Central of Georgia Railway Co. v. Teasley, supra; Parker v. Commonwealth, supra.

For the errors indicated, the case is reversed and remanded for a new trial.

Reversed and remanded.

SIMPSON, STAKELY and MERRILL, JJ., concur.

LIVINGSTON, C. J., and GOODWYN, J., concur in the result only.